G. FITZPATRICK ET AL., Respondents, v. JAN MIK, Appellant.

St. Louis Court of Appeals, February 1, 1887.

EQUITY—CONSTRUCTION OF GRANT—INJUNCTION—OBSTRUCTION OF EASE-MENT.—A grant of part of the grantor's land, with all appurtcnances, conveys the easement of a private sewer appurtenant to such part and connecting a sink thereon with a public sewer adjoining the grantor's land; and the grantor may be compelled, by injunction, to remove obstructions placed by him in the sewer on his own land.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

W. C. MARSHALL, for the appellant: To constitute

a right to such drain, it must be absolutely necessary, and not merely the most convenient or reasonable way; it must be the only way to drain the vault. *Laumier v. Francis*, 23 Mo. 184; *Cooper v. Maupin*, 6 Mo. 624.

JOHN R. CHRISTIAN, for the respondents : The sewer passed with the grant. The plaintiff could have maintained his action for damages ; or could have gone upon the defendant's premises and removed the obstructions, or taken the course he did, and in either case he would be sustained by the deed. *Shaw v. Etheridge*, 3 Jones Law (N. C.) 300; *Lampman v. Milks*, 21 N. Y. C. of A., 505 ; *Ewarts v. Cochrane*, 4 McQueen, 117, reported in 1 Patterson's Reps. 1010 ; *James v. Jenkins*, 34 Md. 1 ; *Worthington v. Gimson*, 2 El. & El. 118; *Suffield v. Brown*, 4 DeG., I. & S. 185.

THOMPSON, J., delivered the opinion of the court.

The defendant conveyed to the plaintiffs, by warranty deed, a lot of ground in the city of St. Louis. The *habendum* clause of the deed ran in the usual words—"to have and to hold the same, together with all rights, immunities, privileges, and appurtenances, to the same belonging," etc. Upon the land conveyed was a privy vault which was drained by a sewer running through an adjoining lot which the defendant owned. Subsequently to the conveyance the defendant stopped up this sewer, whereby the plaintiffs' privy vault was deprived of drainage, and became subject to overflow in wet weather, creating a nuisance injurious to the health and comfort of the plaintiffs, who resided upon the lot. Upon a petition reciting these facts, and evidence establishing them, the circuit court granted a mandatory injunction, requiring the defendant to give the plaintiffs uninterrupted use of the sewer, and restraining him from obstructing it, or interfering with the plaintiffs' use of it, until such time as a public sewer should be constructed with which the plaintiffs could connect their vault.

On the hearing, the court, against the objection of the defendant, permitted the plaintiffs to amend their petition by interlining the words, "and as the only reasonable way that the plaintiffs have to drain the said vault." There was no error in allowing this amendment, and we do not regard it as necessary to consume time in the argument of the question.

The decree was plainly right. Instances are too numerous for extended citation, in which one land owner acquires rights in the land of an adjoining owner, denominated in the civil law *servitudes*, and in the common law easements. A common way by which such rights are acquired is, where the owner of two contiguous lots, or parcels of land, conveys one of them to another, in such case the deed conveys to the grantee any easement, whether in respect of the support of the land, the supply of light, of air, or the escape of water, in the land retained by the grantor, which existed at the time of the conveyance, and which was reasonably necessary for the enjoyment of the land granted, whether such easement existed in the state of nature, or whether it had been artificially annexed to the land granted prior to the making of the grant. *Jones v. Jenkins*, 34 Md. 1. The doctrine was thus expressed by Lord Campbell, L. C., in a case in the House of Lords: "I consider the law of Scotland, as well as the law of England, to be that, when two properties are possessed by the same owner, and there has been a severance of part from the other, anything which was used, and which was necessary for the comfortable enjoyment of that part of the property which is granted, should be considered to follow from the grant, if there be the usual words in a conveyance." *Ewart v. Cochrane*, 1 Patterson, 1010, 1013 ; s. c., 4 McQueen, 117. In *Cooper v. Maupin* (6 Mo. 624, 632), Judge Napton, in treating of the easement of a way of necessity, recognizes this principle in the following language : "Where a man has granted land surrounded by his own, which he *restrains*, he is supposed, tacitly, to have

granted a right of way, upon the well known principle that when a man grants anything, he is held to have granted everything to the use and enjoyment of the thing granted." In the leading case of *Humphries v. Brogden* (12 Q. B. 739), Lord Campbell, C. J., stated this principle, in its application to the lateral support of land, in the following words : "If the owner of two adjoining closes conveys away one of them, the alienee, without any grant for that purpose, is entitled to the lateral support of the other close; the very instant when the conveyance is executed, as much as after the expiration of twenty years, or any longer period." The cases are numerous where this principle has been applied to the right to the support of land, not only in its natural state, but also when artificially weighted by buildings. *Harris v. Ryding*, 5 Mees. & W. 60 ; *McQuire v. Grant*, 25 N. J. L. 356 ; *Stevenson v. Wallace*, 27 Gratt. 77, 88 ; *Richards v. Rose*, 9 Exch. 218 ; *Gayford v. Nicholls*, 9 Exch. 702. In *Thayer v. Payne* (2 Cush. 327), the principle was applied to the right of an easement, consisting of a drain, upon a state of facts quite similar to those in this case. See, also, *Lumpman v. Milks*, 21 N. Y. 505. The *necessity* which supports such an easement has never been understood to be an absolute overwhelming necessity, but, as the books express it, as a necessity of comfortable enjoyment of the thing granted. The rule is simply an application of the ancient maxim of the common law : "*Cuicunque aliquid conceditur, conceditur etiam et id sine quo res ipsa non esse potuit.*" Shep. Touch., 89 Cap. 5 ; 11 Coke Rep. 52 ; Broom. Leg. Max. 479.

The judgment will be affirmed. It is so ordered. All the judges concur ; Rombauer, J., in the result.