R. G. WHITELAW, Appellant, v. ELLA W. RODNEY.

Division One, May 30, 1908.

1. **WILL: Construction: Partition: Evidence: Map of Lands.** In construing a will the court should take into consideration the nature and character of the property devised, as well as the conditions and circumstances surrounding the testator and the property at the time the will was made. Therefore, it is held in this case, by which it is sought to partition land, which it is claimed was not by the will to be partitioned, that it was not error to admit in evidence the will through which both parties derive title and in connection therewith a plat of the land.

2. **PARTITION: Cross-Easements.** Where it is manifest from the language of a will, by which the testator gave certain designated lots to his wife in severalty, and certain other lots in severalty to his brother, that it was his intention to create

cross-easements in favor of each of them over a strip of ground twenty feet wide lying between lots devised to them, as an appurtenance thereto, in order that they might have access to the rear of their respective properties, and that such intention, owing to the fact that each devisee was given separate lots on each side of said strip, would be defeated if partition of the strip were permitted, partition will be denied, although the will gives the strips to them as tenants in common.

3. ———: ———: **This Will.** The language of the will by which a twenty-foot strip was devised was: "I give and devise to my beloved wife . . . . . and my brother . . . . . the following real estate . . . . . ; the same to be used by them in common in connection with the realty herewith devised to them and adjoining same on the north." *Held*, that the will created a cross-easement in the twenty-foot strip thereby devised in order that it might be used in connection with the other lots devised to each in severalty, and that neither was entitled to partition of the strip without the consent of the other.

4. ———: ———: **How Created.** All that is necessary to create an appurtenant cross-easement is a clear manifestation of the intention of the person who is the source of the title to subject one parcel of land to a restriction in its use for the benefit of another, whether that other belongs at the time to himself or to third persons, and sufficient language to make that restriction perpetual.

5. **TAXING COSTS: Partition.** Where the question of the taxing of costs was not called to the attention of the trial court, the Supreme Court will not consider the question. In this case the petition in partition was dismissed at plaintiff's cost, and on appeal it is held that the petition was properly dismissed, and the court refuses to consider the question of taxing costs.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Robert L. Wilson* and *M. A. Dempsey* for appellant.

(1) The devise to Ella Wall Rodney and Louis L. Rodney vested title in them in fee simple. (2) The

provision that the premises devised were "to be used by them in common in connection with the realty herein devised to them, and adjoining same on the north," is merely precatory or declaratory, and does not amount to a restriction or a condition subsequent, because: (a) So construed it would be repugnant to and inconsistent with the grant of a fee. A limitation or restriction repugnant to or inconsistent with the estate granted is void. State ex rel. v. Tolson, 73 Mo. 320; Chew v. Keller, 100 Mo. 362; Roberts v. Crume, 173 Mo. 572; Small v. Field, 102 Mo. 104; Roth v. Rauschenbusch, 173 Mo. 572; Underwood v. Cave, 176 Mo. 1; McDowell v. Brown, 21 Mo. 60; 13 Ency. Law and Proc., 669; Shep. Touchstone, 131; Ladd v. Whitney, 117 Mass. 201; Thompson v. Swoope, 24 Pa. St. 474; Batchelor v. Macon, 69 N. C. 545. (b) The provision is void because indefinite as to time and unlimited and uncertain as to character of use. Restrictions as to use, to be valid as not inconsistent with a fee, must be partial and temporary. Gray v. Blanchard, 8 Pick. 284; 6 Am. and Eng. Ency. Law (2 Ed.), 506. (c) The provision does not constitute an easement, because the parties who are to use the land are the joint owners of the fee. An owner of land cannot have an easement in his own estate in fee, for the plain and obvious reason that in having the *jus disponendi*—the full and unlimited power of making any and every possible use of the land—all subordinate and inferior rights are merged and lost in the higher right. 14 Ency. Law and Proc., 1188. (3) The statutory provision that no partition shall be made contrary to the express intention of the testator (R. S. 1899, sec. 4383), has no application, for the reason that the will does not prohibit the devisees jointly or severally from alienating their interests, and one of the devisees has actually aliened his interest. Prohibition against alienation is a test as to whether

or not the statute applies.  Sikemeier v. Galvain, 124 Mo. 371.  (4) The court having found in its judgment that plaintiff had a cause of action at the time of filing the petition, it is reversible error to charge plaintiff with all the costs.

*Benj. F. Davis* for respondent.

(1) Respondent maintains that testator has impressed an easement upon appellant's undivided half of said twenty-foot strip for the benefit of the lots devised to respondent lying on the south thereof and on respondent's undivided half of said twenty feet for the benefit of the lots devised to appellant's grantor also lying on the south thereof and now held by appellant, and that said cross-easements are not easements in gross, but are easements appurtenant to said other realty, and follow Louis F. Rodney's part of said lots when assigned to appellant, and that said twenty feet do not constitute an ordinary estate in common that may be partitioned under our statute.  Sharp v. Cheatham, 88 Mo. 498; Barr v. Lamaster, 32 L. R. A. 451; Fisher v. Fair, 14 L. R. A. 333; Wash. on Easements, ch. 2, par. 5, p. 257; Hagerty v. Lee, 20 L. R. A. 635; 2 Wash. Real Prop. (4 Ed.), pp. 303, 304; R. S. 1899, sec. 4383; Cubbage v. Franklin, 62 Mo. 364.  In the construction of wills the true intent and meaning of the testator should be considered.  R. S. 1899, sec. 4650; Mead v. Jennings, 46 Mo. 91.  (2) The taxing of the costs of the suit against the plaintiff was never questioned nor raised in the trial court, and has been raised for the first time in this court on appeal.  Appellate courts will not review matters of exception to which the attention of the trial court was not directed by motion for new trial.  McCoy v. Farmer, 65 Mo. 244; Elsenrath v. Kallmeyer, 61 Mo. App. 430.

WOODSON, J.—This is a suit for the partition of certain real estate situate in the city of Cape Girardeau.

William F. Rodney was the common source of title. On May 8, 1899, he executed his last will, by which he devised to the defendant, Ella W. Rodney, his wife, and to Louis L. Rodney, his brother, several tracts of land, including the one in question. After the will was duly probated, Louis L. Rodney, on November 6, 1903, by deed, sold and conveyed all his right, title and interest in and to said lands to Rodney G. Whitelaw, the plaintiff, who brought this suit.

Ella W. Rodney appeared and filed her answer of general denial, and afterwards an amended answer, in which she alleged that since the institution of the suit the mutual rights and interests of plaintiff and defendant as to all the lots of land described, excepting one, had been amicably "adjusted, partitioned and settled "by proper deeds (which is admitted by plaintiff), and as to the one lot excepted she denies all the allegations in the petition, excepting the allegation that plaintiff and defendant claim title thereto by virtue of the will of W. F. Rodney as the common source of title. She further denies that plaintiff is entitled to partition thereof for the reason that said will devises to defendant and to Louis L. Rodney in severalty four other pieces of land abutting on said real estate on the south, one on the north and one on the west, and that said will devises the real estate now in question to defendant and to plaintiff's grantor, and expressly provides that the same shall be used by them in common in connection with the other realty devised to them, and the defendant avers "that by said devise the whole of said realty now sought to be divided is impressed with an easement in favor of this defendant and this plaintiff as the grantee of said Louis L. Rodney, and that the common use thereof

by both defendant and plaintiff is an absolute necessity for the proper and full use and enjoyment of said other abutting and adjoining real estate, and that the same is not subject to partition.''

The replication puts in issue the construction placed on the will by the defendant, alleges that the testator did not in his will express the intention that said premises should not be partitioned, either by the consent of the parties or by order of court, and denies that said realty is impressed with an easement in favor of plaintiff and defendant perpetual in its nature and not susceptible of partition, but avers that plaintiff and defendant are each seized of an undivided interest in said premises in fee simple, and are jointly, as such owners in fee, possessed of the whole of said premises, and that therefore all lesser titles, estates and easements are merged in the fee simple estate.

The plaintiff, to sustain the issues, offered the stipulation as to the adjustment of the claims of the parties as to the real estate named in the petition, except one lot described, and also the admission as to common source of title, defendant taking under the Rodney will, and plaintiff as grantee of Louis L. Rodney, who also took under the Rodney will. Plaintiff offered his deed from Louis L. Rodney, and the will of W. F. Rodney, that portion of the will material to the present issues, being as follows:

''I give and devise to my beloved wife, Ella Wall Rodney, and my brother, Louis Lorimer Rodney, the following real estate situated in the city of Cape Girardeau, and the State of Missouri, described as follows:

''(a) Fractional part of Lot number five, in Range E, in said city and State, beginning at the northeast corner of lot number four, on Main street, and running northwardly along the east line of said lot five,

212 Sup—35

twenty feet, thence westwardly and parallel with Broadway street ninety-one and thirty-one hundredths (91.31) feet; thence southwardly parallel with Main street twenty feet to the north line of lot four; thence eastwardly along said line and parallel with Broadway street ninety-one and thirty-one hundredths (91.31) feet to the place of beginning; the same to be used by them in common in connection with the realty herewith devised to them and adjoining same on the north; and also one hundred and fourteen feet by one hundred and eighty-three feet in size.''

The defendant offered article A, section 4, of the will (the portion above set out) and in connection therewith a plat of the lot and adjoining premises, which were admitted in evidence over specific objections. It was admitted that the east 46.02 feet of lot 4, range E, were entirely covered by brick buildings. This was all the evidence offered. The court in its decree found that the plaintiff at the time of bringing suit had a cause of action, but that as to the lot or strip remaining in controversy, the petitioner had no cause of action, and orders the petition dismissed at the costs of plaintiff.

The plat referred to in the evidence is on the opposite page.

I. The first contention of appellant is that the court erred in admitting in evidence article A, in section 4, of the last will and testament of William F. Rodney, and in connection therewith the plat accompanying the statement of the case. Counsel for appellant objected to the admission of that evidence for the following reasons:

1st. Because said evidence was irrelevant, incompetent and immaterial.

2d. Because it elucidated no issue in the case as made by the pleadings. That there is no language in article A, section 4, of said will, that can be held

to have created a right in the nature of an easement or servitude in said land and attached it to one parcel as the dominant estate and made the other subservient thereto for all time to come. Such a right will not be inferred by a forced construction or amplification

of language beyond its natural meaning. Further, because the law is jealous of a claim of easement and perpetuities, and the said article A, section 4, of the will does not, in clear or precise language, create an easement, and no easement can be presumed from said section and plat. There was no evidence from the will

or *aliunde* that any easement or servitude in said land was established by use or custom.

We are of the opinion that the evidence mentioned was clearly admissible, for the reason that the right to have the land in question partitioned depends upon the proper construction to be placed upon the will of said William F. Rodney.

In construing a will the intention of the testator should never be lost sight of, and, in order to throw light upon and gather that intention, it is the duty of the court to take into consideration the nature and the character of the property devised as well as the conditions and circumstances surrounding him and it at the time the will was executed. By thus looking at the will, the court is placed, as far as may be, in the situation he was in when the will was executed, and is thereby better enabled to gather the intention as expressed in the provisions thereof. [Tebow v. Dougherty, 205 Mo. 315; Small v. Field, 102 Mo. 104.]

We are, therefore, of the opinion that the action of the court in admitting said evidence was proper.

II.    This brings us to the consideration of the other and the real question involved in the case.

It is the contention of the appellant that by the terms of the will Ella W. Rodney and Louis L. Rodney, the devisees, took the strip of ground in question in fee, as tenants in common, and that under the law it is subject to partition. While upon the other hand, respondent maintains that said testator has impressed an easement upon appellant's undivided half of said twenty-foot strip for the benefit of the lots devised to respondent lying on the south thereof and on respondent's undivided half of said twenty feet for the benefit of the lots devised to appellant's grantor also lying on the south thereof and now held by appellant, and that said cross-easements are not easements in gross, but are easements appurtenant to said other

realty, and follow Louis F. Rodney's part of said lots when assigned to appellant, and that said twenty feet do not constitute an ordinary estate in common that may be partitioned under our statute.

When we consider the facts that the devisees named in the will were the testator's wife and brother; the character of the other devises made to them, each in severalty; the location of those various lots and their relative positions with each other, as well as the manner in which they abut upon this twenty-foot strip; the nature, character and sizes of the buildings and improvements upon the other lots devised; their accessibility or inaccessibility with and without this strip being considered as a way; the width of the strip, only twenty feet, which if divided in kind would give each of them a strip only ten feet wide and ninety-one and thirty-one hundredths feet long—too narrow for residence or business purposes, and running at right angles to the other property, with the east and west quarters of the south ten feet adjoining the property of the defendant, while the center half thereof would abut that of the plaintiff, and the north strip of ten feet would adjoin none of their said properties; and last but not least the language of the *habendum clause* (if I may so term it) of the will itself, which is as follows: "The same [the twenty-foot strip] to be used by them [the devisees] in common with the realty herein devised to them and adjoining same on the north," leaves no room to doubt but what it was the intention of the testator to create cross-easements in favor of each of the devisees over this strip of ground, twenty feet in width, in order that they might have easy access to the rear of their respective properties.

All that is necessary to create an easement of the kind under consideration "is a clear manifestation of the intention of the person who is the source of title to subject one parcel of land to a restriction in its use

for the benefit of another, whether that other belongs at the time to himself or to third persons, and sufficient language to make that restriction perpetual." [2 Wash. Real Property (4 Ed.), sec. 8, p. 303.]

The foregoing rule is in harmony with all the authorities; and, when applied to the facts of this case, we are unable to see any escape from the conclusion that it was the intention of the testator to devise a right of way over the strip of land in question to his wife and brother, in order that each of them might have access to the rear of the property devised by him to them. Otherwise the value of their property would be greatly depreciated, and, under the circumstances, the strip of ground itself would be practically worthless.

Nor can there be any question about the right of way in question being appurtenant to and running with the lands devised. "Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. They are of the nature of covenants running with the land, and like them must respect the thing granted or demised, and must concern the land or estate conveyed." [Wash. on Easements (4 Ed.), sec. 5, p. 257.]

The same principle is announced by this court in the case of Sharp v. Cheatham, 88 Mo. 498. There, adjoining owners of premises made an agreement under seal, but not acknowledged or recorded, whereby one was to build a party wall and the other when he should use it in the construction of his building was to pay one-half of the cost thereof. The court held that the legal effect of the agreement was to create cross-easements as to each owner, and that a purchaser of the estate with notice would take it with the ease-

ment, burdened with the liability to pay one-half the cost of the construction of the wall whenever he should avail himself of its benefits.

We have carefully considered the authorities cited and relied upon by learned counsel for appellant for a reversal of the judgment, but we are of the opinion that they do not enunciate a rule in conflict with the views herein expressed.

Upon an inspection of the record, we find that the question of taxing the costs of the case was not called to the attention of the trial court, and for that reason it would be improper for this court to consider that question.

Finding no error in the record, the judgment is affirmed.

All concur, except *Valliant, P. J.,* absent.