Rabich v. Stone.

---

RABICH, Respondent, v. STONE et al., Appellants.

St. Louis Court of Appeals, April 6, 1909.

(Opinion by GOODE, J.)

1. NUISANCE: Obstruction of Highway. Where a lotowner built a sidewalk across an alley which ran in the rear of his property in such a way as to cut off access from that direction to the rear of the lot adjacent, which was depressed below the grade, the owner of the latter lot could maintain a proceeding for a mandatory injunction to have the obstruction abated.

2. ———: ———: Consent of the Municipality. It was no defense to such action that the sidewalk was laid on the established grade and under the direction of the city engineer.

(Dissenting Opinion by REYNOLDS, P. J.)

3. ———: ———: Modification of Decree. Under the facts mentioned the sidewalk should not be ordered removed, but the defendant should be ordered to remove the curbing and put in an incline from the inner line of the sidewalk to the ground so as to enable plaintiff to drive across.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*John A. Hope* for appellant.

*Wilson Cramer* for respondents.

GOODE, J.—These defendants own a lot in the city of Cape Girardeau, fronting thirty feet on Harmony street or Broadway, and extending back one hundred and seventy-three and one-half feet on Ellis street. It lies at the southwest corner of the intersection of the two streets. Plaintiff owns a lot fronting ninety feet on Harmony street and extending the same depth, immediately west of the lot of defendants. This diagram will show the situation of the properties:

Rabich v. Stone.

John P. Hitt is the common source of title and the parties hold under a series of conveyances, all of which contain a reservation of ten and one-half feet of land off the south ends of the lots conveyed, to be used as an alley for the benefit of the respective grantees and their heirs and assigns. This alley opens into Ellis street on the east and runs thence west along the south side of the lots which face north on Harmony street. Plaintiff conducts a lumber yard on his property and the access to his premises for wagons and teams is through said alley. His business of buying and selling lumber requires a good deal of hauling to and from his premises, which would be done most conveniently through the alley. Defendants erected a brick store on the front of their thirty-foot corner lot and a stable on the rear, leaving ten and one half feet for the alley. The lots to the west of Ellis street and abutting on the alley, are depressed four or five feet below the level of the adjacent streets. Nevertheless, until the incident to be related, the alley afforded ready access to plaintiff's premises. In the spring of 1906 defendants laid a granitoid sidewalk along the east side of their lot, extending it across the alley. This sidewalk was curbed and guttered, and according to the weight of the evidence and the finding of the court below, obstructed the entrance of the alley for teams, thus depriving plaintiff of the use of it in connection with his business, forcing him to drive in and out of his premises by way of Harmony street, cutting off his enjoyment of the easement reserved in the various conveyances under which the parties hold title to the respective lots and constituting a permanent nuisance. There was testimony that plaintiff notified defendant when they were building the walk not to obstruct the alley so as to render it unusable for teams, but this notice was disregarded and, indeed, defendants deny it was given. Shortly after the sidewalk was laid the present action was instituted to have it removed, or a driveway constructed across it so the alley

can be used again by plaintiff, and a decree to that effect was given, from which the present appeal was prosecuted. Defendants insist they laid the walk on the established grades and where they were directed to lay it by the city engineer. This is no defense. They have no right, either with or without the consent of the city officials, to deprive plaintiff of the use of the alley by placing an insuperable obstacle in it. A driveway could easily have been made over the line of the walk at the mouth of the alley, as is customary under such circumstances. The act of defendants was a violation of the rights of plaintiff and of the kind which not only warrants, but loudly calls for an abatement by a mandatory injunction. [Downing v. Dinwiddie, 132 Mo. 92; Fitzpatrick v. Mik, 24 Mo. App. 435; St. Louis, etc., Co. v. Kennet Est., 101 Mo. App. 370; Schuerich v. Light Co., 109 Mo. App. 406; Sultzman v. Branham, 128 Mo. App. 696.]

Much is said about plaintiff's having placed his barn some two and one-half feet over the line of the alley, and it appears he did so by inadvertence, not knowing just where the line was; but he owned the property immediately south of the barn, on the other side of the alley, and left a space thirteen feet wide for driving purposes, instead of ten and one-half feet as called for in the deeds. His encroachment by mistake affords no defense to defendants, nor have they any. We do not understand the circuit court adjudged the whole sidewalk, or necessarily any part of it, should be torn up, but only the abatement of the nuisance defendants have created, namely, that they should leave the mouth of the alley open and in a condition that will allow plaintiff to drive in and out as easily as he did before.

The judgment is affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* dissents.

137 App.—21

REYNOLDS, P. J., dissenting.—I am unable to concur in this opinion. I think the judgment should be reversed and the cause remanded with directions to defendant, not to tear up the whole sidewalk along this 10 1-2 foot strip, as I understand the judgment orders, but merely to remove the curbing from the strip and put in an incline from the inner line of the sidewalk to the level of his lot, so as to enable plaintiff to drive up and across the walk. That is all that I think, under the facts in the case and the law of the case, defendant should be required to do. It is very obvious to me, from a reading of the testimony in the case that the rear of these lots is from four to six feet below the street grade, and by the action of the trial court instead of requiring the adjoining property owners to fill up the rear of their lots to grade, as they should do, it continues this depression, which must ultimately become a nuisance. I see no right whatever in the court to compel the defendant to leave a hole in the sidewalk the width of this 10 1-2 foot strip merely to save the plaintiff from filling up the rear of his lot to grade. Before constructing the sidewalk the defendant obtained the sanction of the chairman of the proper committee of the council of the city of Cape Girardeau. He was given the grade by the city engineer of that city. He told the plaintiff what he was going to do. Plaintiff made no suggestions about the matter. When plaintiff saw the contractor in the act of constructtion, he indulged in the use of profane expressions to the contractor, but never entered any complaint or protest to the defendants, who were in their store within a few feet of the place, easily accessible to him. I think the cause should be reversed.