## PARKER H. LITCHFIELD et al. v. ELIZABETH S. BOOGHER, Appellant.

### Division Two, December 19, 1911.

1. **CONVEYANCE: Easement: Private Alley.** A conveyance of real estate, reserving a portion thereof as a private alley, for the use of owners of certain property described in the deed, creates an easement in the property conveyed, appurtenant to the property for the use of which the easement is reserved.

2. **————: ————: ————: Subsequent Grantee.** One who acquires title through a deed expressly reserving a right of way through the land, as a private alley, is estopped by the deed from denying the existence of the right of way, even though his own deed does not mention such reservation and conveys the entire lot as if it did not exist.

3. **————: ————: ————: ————: This Case.** A realty company platted a half block of ground consisting of 29 lots each 195 feet and 3¾ inches deep, sold them, and in the deed to all except two was a reservation that the south ten feet "is set apart to be used as a private alley, laid out for the exclusive use and benefit of present owners of" all the lots in the block, "and for the use and benefit of the heirs and assigns of said lot owners," and the other two deeds conveyed only 185 feet and 10 inches "to the north line of an alley ten feet wide." The deed to lot 59 contained said reservation, as did each succeeding deed in the chain of title, until the one made by defendant's grantor, which did not mention said reservation, but conveyed lot 59 with a depth of 195 feet and 3½ inches. *Held,* that the reservation of the easement became an appurtenance to each of the other lots, which ran with the title, and defendant had no right to close up said alley, and is enjoined from doing so.

4. **————: ————: ————: Other Restrictions Unobserved.** The said reservation having been clearly and unequivocally made in the deeds, the facts that certain building restrictions in them were not observed by the grantees, that no steps were taken to dedicate the alley to public use, which the deeds authorized,

that the plat on file in the recorder's office failed to designate the ten-foot strip as an alley, does not affect the right of the owners of the other lots to the use of the entire alley reserved.

Appeal from St. Louis Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Frank M. White* and *Dawson & Garvin* for appellant.

(1) (a) The sole question involved is plaintiffs' present right to the injunction against defendant. The city or a majority of the owners of lots on the south side of McPherson avenue are not parties and questions as to their right, if any, to use of the south ten feet of these lots for any specific purpose is not to be determined in this proceeding. (b) Plaintiffs' claim of a private right of way over the rear ten feet of defendant's lots is based not upon any express grant of any right of way but solely on references in several separate and distinct deeds to a setting apart of the southern ten feet of the particular lot thereby conveyed "to be used as a private alley laid out" for the exclusive use of the owners of lots described solely by the numbers given lots in a recorded plat of the subdivision which plat fails to show any such private alley thereon laid out. Neither plaintiffs nor defendant take title to their respective lots through each other or have any common grantor since about 1892 or 1893, when the Forest Park Real Estate Company filed and recorded the aforesaid subdivision plat. The deed and plat must be construed together as a whole in the light of existing circumstances. Eastland v. Fogo, 58 Wis. 274; Calloway v. Henderson, 130 Mo. 77; Wolfe v. Dyer, 95 Mo. 549; Construction Co. v. Tie Co., 185 Mo. 25; Choate v. Burnham, 7 Pick. (Mass.) 274;

Cordes v. Straszer, 8 Mo. App. 60; Schreiber v. Osten, 50 Mo. 513; Reed v. Lammel, 28 Minn. 306. (c) A mere reference in one or more deeds to a proposed way without an express grant will not pass such private way. Washburn on Easement (4 Ed.), pp. 264, 265; Hopkinson v. McKnight, 31 N. J. L. 422; Baker v. Vanderburg, 99 Mo. 378; Cleveland v. Bldg. Co., 55 Atl. 117; Baltimore v. Fear, 82 Md. 246; Field v. Mark, 125 Mo. 503. (d) Not being a way of necessity there is no presumption in favor of plaintiffs' claim. Field v. Mark, 125 Mo. 503; Schmitz v. Ritterhalz, 20 Ill. App. 614; Mason City St. M. Co. v. Mason, 23 W. Va. 211; Peters v. Worth, 164 Mo. 431. (e) The presumption is against plaintiffs' claim, because such a private alley would be a *cul de sac* and too narrow to turn a vehicle around in. Field v. Mark, 125 Mo. 516. (2) If the language in the deeds with reference to a private alley was intended as a provision or offer in connection with a general improvement plan for the mutual acceptance of the several owners of these lots the offer must be accepted within a reasonable time and plan adopted in its entirety by the parties claiming such an easement and any act of theirs or of their grantors which is incompatible with the nature or exercise of such an easement is a rejection of the offer and an extinguishment thereof beyond recall especially where the rights of innocent third parties have intervened. Village of Vermont v. Miller, 161 Ill. 210; Scharer v. Pantler, 127 Mo. App. 433; Coughlin v. Barker, 46 Mo. App. 54; Corning v. Gould, 16 Wend. (N. Y.) 531; Roanoke Invt. Co. v. Railroad, 108 Mo. 50; Skrainka v. Oertel, 14 Mo. App. 474; Taylor v. Hampton, 4 McCord, 96. (3) Plaintiffs are estopped to now claim such a private alley because of the laches and acts of their grantors and themselves repugnant to their present claim; e. g., rejecting original plan of improvement permanently fencing in said proposed private alley and violating the provisions in their own

deeds respecting the general improvement of "Forest Park Place." Improvement Co. v. Tower's Exrs., 158 Mo. 294; 1 Pomeroy, Eq. Jur. (3 Ed.), sec. 398; Washburn on Servitudes (4 Ed.), p. 699; Scharer v. Pantler, 127 Mo. App. 433; Corning v. Gould, 16 Wend. (N. Y.) 531. (4) The actual possession of all parts of all of defendant's lots has been openly, notoriously, adversely and exclusively in plaintiff and her grantors from at least the time the permanent iron fence and side walk on Kings Highway were built, to-wit, 1893, or for more than thirteen years before this suit was brought, April, 1907. Scammell v. Soda Fountain Co., 161 Mo. 606.

*S. T. G. Smith* for respondents.

KENNISH, P. J.—This is an appeal from a decree of the circuit court of the city of St. Louis, perpetually enjoining the defendant from interfering with the plaintiffs' right to the use of a private alley in said city.

It appears from the record that City Block 4907A, in the city of St. Louis, is a tract of land in the form of a half block, consisting of lots thirty-one to fifty-nine, inclusive, all fronting north on McPherson avenue. The defendant owns lots fifty-five to fifty-nine, inclusive, being the east end of the said block. Lot fifty-nine is the corner lot, and on the east abuts on King's Highway, a street running north and south. The block is bounded on the south by an addition to said city known as Portland Place. The lots in said block have a uniform depth of one hundred and ninety-five feet and three and three-fourths inches. The alleged alley in controversy is upon the south ten feet of the lots, adjoining Portland Place, and extending east and west the entire length of the block. In the year 1901 the defendant purchased lot fifty-nine and built a hotel thereon. Within a few years before and

after that time the other lots in the block were built up and are now occupied as residence property. The property-owners, upon the assumption that the private alley was to be opened on the south ten feet of their lots, did not build their fences and outbuildings beyond the north line of said ten-foot strip of ground. The defendant also built her hotel on this line. For some time prior to the institution of this litigation the alleged alley was occupied by telephone poles and was used, to a limited extent, for teaming purposes, for the convenience of those residing in the block. In the year 1906 defendant placed a chain across the alley, at its opening on King's Highway, the east line of her property, and forbade the public or the property-owners in the block to pass through. Thereupon plaintiffs, as property-owners in the block, brought this action to restrain and enjoin the defendant from interfering with their alleged right to use said ten-foot strip of ground as a private alley, and for general relief.

It was shown by the evidence that said Block 4907A was part of an addition to the said city of St. Louis, laid out in the year 1891 by the Park Place Realty Company. This land was then unimproved as city property, except that some fences and sidewalks were built thereon by the company to make the property more attractive to prospective purchasers. In a few years thereafter the company had disposed of all of the lots in the block. All of the deeds made to this property by the realty company, except two, contained the following reservation, viz.:

"The southern ten feet of the above-described lot is set apart to be used as a private alley, laid out for the exclusive use and benefit of present owners of lots 31 to 59, both inclusive, in City Block No. 4907, and for the use and benefit of the heirs and assigns of said lot owners, but subject to the right and privilege granted to the city of St. Louis for construction and

maintenance of sewers beneath said private alley and the right and privilege is granted to the parties in interest to dedicate to the public use forever said ten feet strip with the consent and approval of the proprietors of lots owning the majority of front feet on the south line of McPherson in the subdivision known as Forest Park Place.''

The two deeds in which the foregoing reservation was not made contained the following corresponding provision, in connection with the description of the property conveyed, viz.:

''And having a depth southwardly 185 feet, 10 inches more or less between parallel lines one hundred feet wide to the north line of an alley ten feet wide.''

The deed made by the Park Place Realty Company to the first grantee of said lot fifty-nine, now owned by defendant, contained the reservation first above set forth, and each subsequent conveyance, until that made to defendant, contained a provision recognizing the reservation of the south ten feet of this lot for a private alley. The deed to defendant purported to convey the entire one hundred and ninety-five feet and three and three-fourths inches, absolutely and without any reference to a reservation for alley purposes. A plat of this addition, including the block in question, was filed in the office of the recorder of deeds of the city of St. Louis, and no mention or dedication of the alley in controversy was made therein.

Upon a trial of the issues the court found for the plaintiffs and entered a decree that the temporary injunction be made perpetual as prayed. No question is presented as to the pleadings, and it is stated by the appellant that ''the sole question involved is plaintiffs' present right to the injunction against the defendant.''

(1) A conveyance of real estate, reserving a portion thereof as a private alley, for the use of the owners of certain property described in the deed, creates

an easement in the property conveyed, appurtenant to the property for the use of which the easement is reserved. [Whitelaw v. Rodney, 212 Mo. 540; Rabich v. Stone, 137 Mo. App. 318; Jones on Easements, sec. 209; Elliott on Roads and Streets (3 Ed.), sec. 29; City of Chicago v. Borden, 190 Ill. 430; 14 Cyc. 1160.]

The law applicable to the facts of this case is stated in 14 Cyc., supra, as follows: "The acceptance by a grantee of a deed conveying a right of way in express terms and defining with precision the exact piece of land over which the easement is to extend is an acceptance of all it conveys, and no act is required of him to show his acceptance of the easement as the owner of the dominant tenement. A grantee in a deed creating an easement over the granted premises by its acceptance becomes bound by all its restrictions, reservations and exceptions. In other words, one who acquires title through a deed expressly reserving a right of way through the land is estopped by the deed from denying the existence of the right of way."

And in the case of Whitelaw v. Rodney, supra, l. c. 549, this court said: "All that is necessary to create an easement of the kind under consideration 'is a clear manifestation of the intention of the person who is the source of title to subject one parcel of land to a restriction in its use for the benefit of another, whether that other belongs at the time to himself or to third persons, and sufficient language to make that restriction perpetual.' [2 Wash., Real Property (4 Ed.), sec. 8, p. 303.]"

If a reservation of an alleyway is made in a deed, so that an easement appurtenant to other property is created, the omission of said reservation in a subsequent conveyance of the servient estate will not relieve it from the burden of such easement. [McDonald v. Quick, 139 Mo. 498; City of Chicago v. Borden, supra.]

Applying the foregoing well settled principles of law to the facts of this case, it is clear that an alley

for the use of the other property-owners in the block
was reserved upon the south ten feet of defendant's
lot. This is not a case for resorting to extrinsic facts
and circumstances for the purpose of construing a
latent ambiguity in a deed. All of the deeds, in apt
words, plainly and unequivocally reserved the ground
described and set it apart for an alley, for the use
of the persons named and their assigns forever, and
nothing further was necessary to be done to make such
right operative. The facts that certain building re-
strictions in the deeds were not observed by the prop-
erty-owners, that no steps were taken to dedicate the
alley to the city for public use, as authorized by the
deeds, and that the plat on file in the recorder's office
failed to designate this strip of ground as an alley,
did not in the least affect the right of the property-
owners to the use of this alley as provided in the
deeds. Each deed made by the Park Place Realty Com-
pany conveying one of these lots, reserved the right
to the use of the ten foot strip for an alley for all the
other lot owners, their heirs and assigns, etc. The
reservation of the easement thus became an appurte-
nance to each of the other lots and would be conveyed
with them. And by his acceptance of the deed con-
taining the reservation of the alley, each grantee would
be estopped from disputing the existence of the right
of way across his lot. Under these facts it is difficult
to see how the private alley could have been more
effectually created by grant or reservation than was
done in this case.

(2) We have examined the record carefully and
have found no substantial evidence to sustain the de-
fense of the Statute of Limitations, or of the abandon-
ment of the right to the use of the alley as reserved
in the deeds. In the year 1896 defendant's lot was
conveyed to the Mercantile Realty and Investment
Company, by a deed containing this reservation, viz.:
"The south ten feet of said lot to be used as a private

alley." This lot was not conveyed thereafter until 1901, and then by a deed containing the following reservation: "This conveyance is made subject to all restrictions, conditions and stipulations contained in the deeds of record in the recorder's office for the city of St. Louis, Missouri."

Until the time last mentioned very little of the property in this block was improved and occupied as residence property, and therefore there was no occasion to use the alley. But there is no evidence of adverse possession of the alley up to that time. The iron fence built along the west side of King's Highway, and on the east line of lot fifty-nine, was extended across the alley, leaving no gate or opening, and connected with the fence at the corner of Portland Place; but the block was not then improved; the alley was not needed; and the testimony shows that in so building the fence there was no intention of obstructing the alley or of asserting an adverse claim against its use as such.

The evidence amply sustained the decree of the circuit court and accordingly the judgment is affirmed. *Ferriss* and *Brown, JJ.*, concur.