NORTHWEST ELECTRIC POWER CO-OPERATIVE, INC., a Missouri Corporation, Respondent,

v.

AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois Corporation, Appellant.

No. 23238.

Kansas City Court of Appeals. Missouri.

April 3, 1961.

Sprinkle, Carter, Sprinkle & Larson, Paul C. Sprinkle, Kansas City, for appellant.

David R. Clevenger, Platte City, Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Trenton, for respondent.

PER CURIAM.

In this action plaintiff, Northwest Electric Power Co-Operative, Inc., seeks to recover alleged expenses and losses under an insurance policy issued by the defendant, American Motorists Insurance Company. Judgment was entered in favor of plaintiff for $2,862.48. Defendant appealed.

The facts out of which the instant action arose are:

On February 24, 1955, Donald C. Pharis and Helen C. Pharis filed in the Circuit Court of Clay County their petition for damages against the N. W. Electric Power Co-Operative, Inc. That petition alleged that the Pharises were the owners of certain described land in Clay County and that on or about January 22, 1951, defendant having a desire to procure across plaintiffs' said premises a transmission line represented to plaintiffs that it proposed to construct the same across the extreme southwesterly corner of plaintiffs' property; that pursuant to said representations plaintiffs executed to defendant a general easement covering, in its terms, all of plaintiffs'· said property; that thereafter, and in direct violation of its argeement with plaintiffs, defendant proceeded to construct its said electrical transmission line across the middle of plaintiffs' land; that plaintiffs' trees, crops, etc., were damaged. The petition prayed for both actual and punitive damages.

On March 9, 1956, an application for change of venue was made by defendant Power Co-Operative and by order of court the cause was transferred to the Circuit Court of Clinton County. Thereafter, on July 7, 1956, the Pharises filed an amended petition. This amended petition, upon which they went to trial, alleged defendant desired to procure a right of way 100 feet in width across plaintiffs' land, that "* * * defendant constructed said transmission line. In so constructing said transmission line defendant accidentally and negligently got off the right of way granted to defendant, and, in so doing, cut, damaged and destroyed numerous trees and crops, tore down, removed and damaged fences and damaged and destroyed contoured terracing on plaintiffs' farm, and damaged their cattle." The petition had attached to it and incorporated in it by reference the written easement document. The prayer of the petition was for actual damages in the sum of $1,750.

On July 10, 1956, the Power Co-Operative filed its answer to this petition in which it admitted that "plaintiffs executed the easement referred to in plaintiffs' petition; that defendant constructed the electric transmission line in question over plaintiffs' land, but this defendant denies all other allegations made and contained in plaintiff's petition." On the same day judgment was entered in the cause. This judgment, after reciting the appearances of the parties, is as follows:

" * * * and a jury being waived by the parties hereto this cause comes on to be heard by the Court, and the Court hearing the evidence and the evidence being adduced the Court finds for the plaintiff and against the defendant; the Court further finds the allegations made and contained in plaintiff's petition to be true.

"And the Court further finds that defendant damaged plaintiff in the sum of One Thousand Seven Hundred and Fifty Dollars ($1,750.00).

"Wherefore, it is ordered, adjudged and decreed that plaintiff shall have judgment against the defendant for the sum of One Thousand Seven Hundred and Fifty Dollars ($1,750.00), and the Court costs of this proceeding.

"And comes now Defendant in open Court and pays the judgment and costs, satisfaction of which is acknowledged by plaintiff in open Court and the defendant is found to have satisfied this judgment in full and defendant is fully and completely discharged."

Thereafter, on March 31, 1958, the present action was filed, it being entitled Northwest Electric Power Co-Operative v. American Motorists Insurance Co. Among other things it was alleged that the defendant therein had issued a policy of insurance to the plaintiff under the terms of which the plaintiff was entitled to be reimbursed for the judgment secured in the case of Pharis et al. v. Northwest Electric Power Co-Operative, referred to above.

The defendant filed its answer in which it specifically denied that under the provisions of the policy the plaintiff was entitled to recover because there had been no loss or damage sustained by the plaintiff caused by accident.

The provision of the insurance policy with which we are here concerned is as follows:

"Coverage b—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident*." (Emphasis ours.)

It is the position of the plaintiff, which the trial court adopted, "that the Pharis First Amended Petition is a claim falling within the terms of the insurance policy; that defendant seeks to make a collateral attack upon the Pharis judgment contrary to court approved rules of evidence." It is the position of the defendant that the damage caused by the erection of the transmission line was not caused by accident and therefore not within the coverage of the policy and that defendant is entitled to adduce evidence in support of its contention.

As is to be seen, the judgment obtained by the Pharises does not recite that the damages were caused by accident. It finds the allegations of the petition to be true. Turning to the petition, it states that the Pharises executed a written easement which they incorporate in and make a part of their amended petition. An examination of this easement agreement discloses that it is what the Pharises described it to be "a general or 'shotgun' easement covering, in its terms, all of plaintiffs' (Pharises) said property." And the instant plaintiff (Power Co-Operative) placed the same construction upon the instrument. It stated in its motion to make the Pharises' original petition more definite and certain "that the easement attached to said petition and marked Exhibit 'A' grants to defendant (Power Co-Operative) the right to cross

said land at any location." The allegation in the petition upon which the Pharises obtained their judgment that: "In so construing said transmission line defendant accidentally and negligently got off the right of way granted to defendant" appears, at least in some respects, to be at variance with the terms of the written instrument and, at most, makes the claimed cause of the damages a dubious matter. And of course, the terms of the written instrument control as to the things it contains. Nicholas v. First Nat. Bank in St. Louis, Mo. Sup., 188 S.W.2d 822, 824. And see the many cases cited in Sixth Decennial Digest, Pleading, ☞312. No specific right of way was *granted* by the written instrument. The general rule is that where a conveyance of right of way does not definitely fix its location, the grantee is entitled to a convenient, reasonable, and accessible way within the limits of the grant. 28 C.J.S. Easements § 80, p. 760. Except as possibly indicated in the abandoned original petition we do not know whether the grantee selected the mentioned desired 100 foot right of way for the power line to go over; nor its location. We do not know what the Power Company was doing that caused the damage in question.

 Looking to the allegations of the amended petition as a whole, upon which the cause was tried, including the easement instrument incorporated therein by reference, they do not have the effect of a clear allegation that the claimed damage was caused by accident. The claim as to how the damage occurred is at best of a dubious nature. The judgment obtained by the Pharises does not recite that the damage was caused by accident. All that judgment does is to refer generally to the somewhat dubious allegations of the petition. Nor does the transcript contain any evidence whatsoever as to how the damage actually occurred.

Thus, fairly viewed, the judgment upon which plaintiff relies as specifically holding that the damage in question was caused by accident does not contain that holding. It therefore, cannot be successfully asserted as a bar to—or so as to preclude—defendant's asserted defense that the matter is not within the coverage of the insurance policy because the damage was not caused by accident as is required under the terms of the policy for there to be coverage.

If the judgment relied upon by plaintiff had found the damage to have been caused by accident we would then be faced with the question of whether the defendant insurance company could, in spite of it, show that the damage occurred as a result of the intentional acts of plaintiff rather than by accident. See the divergent views expressed in Farm Bureau Mutual Auto Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793, and in Vaksman v. Zurich General Accident & Liability Ins. Co., 172 Pa.Super. 588, 94 A.2d 186, and the cases cited therein. See, also, Thomason v. United States Fidelity & Guaranty Co., 5 Cir., 248 F.2d 417, and Langford Electric Co. v. Employers Mut. Indem. Corp., 210 Minn. 289, 297 N.W. 843.

 In suing the defendant, plaintiff has alleged that the incident involved comes within the terms and coverage of the insurance policy. Plaintiff has the burden of proof. The judgment upon which plaintiff relies does not decide the precise fact that determines coverage, i. e. whether or not the damage was caused by accident. Nor does that judgment prevent defendant from defending on the ground that the damage in question was not caused by accident but was intentionally caused. Both the plaintiff and the defendant should have the opportunity of litigating the coverage question and of putting on evidence in support of their factual contentions.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.

BROADDUS, J., and HUNTER, P. J., concurring.

CROSS, J., not participating.