**EDWARD RUNGE LAND COMPANY, Plaintiff-Respondent,**

v.

**August A. BUSCH, Jr., Defendant-Appellant.**

**No. 41280.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 5, 1980.

Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, Richard J. Sheehan, Pat L. Simons, St. Louis, for defendant-appellant.

Hannegan, Knight, Kennedy, Schoeneberg & Weber, Inc., Claude C. Knight, David T. Hamilton, St. Charles, for plaintiff-respondent.

WEIER, Judge.

Plaintiff Edward Runge Land Company filed suit against defendant August A. Busch, Jr., for mandatory injunction to remove a dam across a drainage ditch, to permanently enjoin the defendant from obstructing the drainage of surface water through the ditch and for damages. The court granted the injunctive relief. From this judgment defendant has appealed. We affirm the judgment.

The plaintiff Edward Runge Land Company is a land-holding company for a family farm. Its stock is owned by the family of Edward Runge. Family ownership originated in Albert Runge, who died in 1902 and who was the grandfather of those who are currently interested in the operation of the farm. At the time the case was tried in 1978 the Runge farm consisted of approximately 400 acres. Much of it lies west of the center line of and in section 14, township 47, range 3 east in St. Charles County. The real estate owned by defendant August A. Busch, Jr., is adjacent to and north of the Runge land except for 35 acres which adjoins Runge on the northeast corner and east side. This 35 acre tract was purchased by defendant Busch in 1972. Both the Runge and the Busch tracts that are here involved were at one time swamp lands. Generally the drainage in this area is to the north and slightly east. It was estimated that the drop in elevation from the south to north is a foot in a mile.

Belleau Creek originally drained the area here involved. It rises in a hilly area to the south and after it enters the low swampy lands, which for the most part have been cleared and are now farmed, it flows northwardly along the west side of the Runge farm. When it leaves the Runge farm, it flows northwardly on a straight line on the west side of section 11 through the Busch farm. In the low land it has been leveed on each side and carries off surface water from land lying to the south of both farms; but because of silting, it carries off little surface water from the two farms except that pumped into it. Also serving to drain the land through this area is a north-south

drainage ditch which follows the center line of both sections 14 and 11. After passing through the Busch property it flows into Belleau Creek which by then turns eastwardly.

As previously stated, Busch bought the 35 acre tract adjacent to the Runge farm on the northeast corner and side of the Runge property in 1972. Thereafter Mr. Busch experienced difficulty with regard to draining this land; and after constructing dikes around it, in August of 1975 placed a dam across the north-south ditch at the south end of his property where the ditch entered from the Runge land. Prevented from draining its property into this ditch, the Runge corporation constructed a lateral east-west ditch draining toward the Belleau Creek on the west side of its property where excess water was pumped into the creek. Before the dam was put in Runge had to use a pump only when there were "tremendous big rains." When that occurred, most of the excess water drained off into the north-south ditch. After the ditch was blocked it was necessary to pump all of the surface water out of the north part of the Runge farm because the dam across the ditch and dikes constructed by Mr. Busch along the south side of his land prevented any flow to the north and east. The evidence indicated that if the water is not removed from the land within a period of two days growing crops would be completely destroyed. If it is drained or pumped off within this period of time, a portion of the crop can be saved.

Plaintiff Runge prevailed in the court below and the court granted it injunctive relief against defendant Busch on the basis that a reservation or exception in a deed to the predecessors of Busch in a chain of title created an easement, its location having been acquiesced in by the parties. The court decided that the plaintiff was entitled to the use of the drainage ditch at its existing location since the ditch was the only convenient, reasonable and accessible way within the limits of the reservation. The court also determined that although the issue was moot because it had already determined that plaintiff had an easement

by reservation, it was also established by the evidence that the plaintiff had an easement by prescription in its drainage rights in the ditch since it had been used for that purpose more than ten years openly, notoriously, under a claim of right and adversely to the defendant.

On appeal defendant first contends that the court erred in arriving at its judgment on the ground that the deed of Albert and Lulu Runge created an easement over the defendant's property in favor of the plaintiff because the deed failed to describe a definite location or provide a method to determine the location of the easement over defendant's property and further that there was no evidence that the north-side ditch existed or was envisioned in 1902 when the deed was executed. The deed referred to was one executed by Albert and Lulu Runge his wife, the grandparents of those who are now active in the operation of the Runge farm. It was dated April 10, 1902; and after conveying the southwest quarter and the west half of the southeast quarter of section 11, township 47, range 3 east contained this clause: "The grantor expressly reserves to himself, his heirs and assigns the right to drain the water from his lands lying south of the lands above described and conveyed over and upon the lands hereby conveyed at such points as he may think best to drain his lands effectively and well."

From exhibits and the testimony of the witnesses it appears that the north-south drainage ditch was well established. After it entered the Busch property dikes or levees had been erected on each side and it ran straight along the west side of the section center line north to the point where it entered Belleau Creek. There is no evidence to indicate that either Busch or the Runges or their predecessors in title had ever sat down and agreed upon the location of the drainway, but Busch testified that he remembered that the north-south ditch was in existence from about 1925 and Edward Runge the manager of the Runge farm testified that he became aware of its existence in about 1936 when he was 8 years old.

In conveyances to August A. Busch, Jr., the defendant by members of the Busch family both in a deed dated May 18, 1932 and in a deed dated June 14, 1952, specific reference is made to the reservation of rights of drainage contained in the deed from Albert Runge and wife dated April 10, 1902.

■■ The general rule applicable to descriptions in conveyances of easements holds that where the conveyance does not definitely fix the location of the easement, the grantee is entitled to a convenient, reasonable and accessible way within the limits of the grant. *Northwest Electric Power Cooperative, Inc. v. American Motorists Insurance Company*, 346 S.W.2d 701, 704[2] (Mo.App.1961). As stated in *Bolomey v. Houchins*, 227 S.W.2d 752, 755[1] (Mo.App. 1950), if an easement in land is created in general terms but without giving a definite location and description, a selection may be inferred within the boundaries of the land over which the right is granted by proof of the use of a particular course or way on the part of the grantee or owner of the dominant estate along with the acquiescence of the grantor or owner of the servient estate. In this case, the easement for drainage was not the subject of a conveyance but rather of an exception or reservation in a deed. There is no reason why the rules applicable to a conveyance of an easement should not be equally applicable to a reservation of the right of easement in an instrument because reservation of a right-of-way in a deed for the use of the owners of certain property described therein creates an easement in the property conveyed appurtenant to the property. *Litchfield v. Boogher*, 238 Mo. 472, 142 S.W. 302, 303[1] (1911).

Appellant maintains that for the reservation in the Albert Runge deed to be effective, since there is no definite description as to the right-of-way for the drainage ditch, there must have been in existence at the time that the deed was executed a ditch to which reference could be made. We do not find that to be the law. Rather as it is stated in *Bolomey v. Houchins, supra* at 755[1], where no definite location is given as to the easement, the course over which it is to be exercised can be fixed in either of two ways, that is, by express agreement or by a selection that can be inferred by proof of the use of a particular way. In this instance, although there was no express agreement proven, the way used as early as 1925 according to the testimony of defendant Busch was the north-south drainage ditch along the west side of the center line of section 11. This is somewhat similar to the case of *Kansas City Power & Light Company v. Riss*, 319 S.W.2d 262 (Mo.App. 1958) wherein a utility easement was assailed by a successor to the grantor of the easement because it did not sufficiently describe the course along which a power line was to be constructed. The evidence indicated that the line had been constructed, that the consideration had been paid and that it had been maintained openly for more than thirty years. Under such circumstances the easement gave the power company the right to enter this tract and maintain its transmission line over and across the land and the easement could not be attacked as void for indefiniteness even though a center line was not described. We have read the cases to which we have been referred by appellant but do not find them to be supportive of his position.

■ In connection with the point raised with respect to the inadequacy of the description of the drainage easement in the deed reservation, it is also contended by the defendant Busch that an opinion in the case of *Daudt v. Steiert*, 205 S.W. 222 (Mo. 1918) should not have been judicially noticed by the court because it was not competent evidence of the existence of the north-south ditch prior to and at the time of the 1902 deed. *Daudt* is not competent evidence with respect to anything involved in this lawsuit. In the first place, it involves a dispute between a tenant of the Runge family and an owner of land along the south side of the Runge farm; and although it describes a north-south ditch, it does not indicate its location. Furthermore, courts do not ordinarily notice judicially the records and facts in one action when deciding another and different one. *Knorp v.*

*Thompson,* 352 Mo. 44, 175 S.W.2d 889, 893 (1943). Exceptions to this rule are pointed out in this opinion but none of them appear here. Normally a party should have the issues within the facts of his case and the sufficiency of the evidence reviewed upon evidence lawfully introduced in the trial of his case or his defense in the trial court. It is pointed out in *Knorp* it is not just that a court should consider evidence in another and different case where one of the parties in the succeeding case had no opportunity to refute the evidence. Other exceptions are noted in *Layton v. State,* 500 S.W.2d 267, 269[4–8] (Mo.App.1973) but none of these exceptions appear here. This does not mean, however, that admission of such evidence in support of plaintiff's theory would be cause for reversal of the case. Excluding the opinion in *Daudt v. Steiert, supra,* does not eliminate the substantial evidence heretofore set out in this opinion which supports the court's judgment. Having determined that the court in this court-tried case correctly ruled, it is immaterial whether in reaching that result the judge may have erroneously considered some incompetent evidence. *Sharp v. Interstate Motor Freight System,* 442 S.W.2d 939, 947[13] (Mo.banc 1969).[1]

▇ Although our holding makes the issue of title to the easement by adverse possession moot, we feel obliged to note that the evidence indicated plaintiff's use of the north-south ditch on defendant's property for drainage was continuous, adverse, under claim of right and with notice to the owner of the servient estate thereby entitling the plaintiff to a prescriptive right in the easement. Defendant Busch testified that he knew of the use of the north-south ditch for drainage and that he allowed it to be used by Runge as a matter of courtesy but not with his permission. It is also obvious from the evidence that defendant

Runge had used the ditch for more than ten years for the purpose of drainage, that this use was had under a belief that Runge had a right to drain the land over the Busch property and that Runge did not need Busch's permission to do so. It is well established that prescriptive rights may be acquired in an artificial water course provided the artificial water course is intended to be permanent. *Greisinger v. Klinhardt,* 321 Mo. 186, 9 S.W.2d 978, 981[6] (1928).

The judgment of the trial court is affirmed.

STEWART, P. J., and SNYDER, J., concur.

---

1. As a matter of interest we might point out that certain drainage problems in connection with the Runge land were previously litigated in the case of *Dardenne Realty Company v. Abeken,* 232 Mo.App. 945, 106 S.W.2d 966 (1937) wherein the plaintiff, the owner of land lying about a mile and a quarter north of the Runge land and adjacent to the Busch tract, sued Runge and others for diverting water away from the Belleau Creek thus depriving plaintiff of the natural flow of water to lakes on plaintiff's property used for duck hunting. Here again the litigation was not between the same parties nor involving the same issues in this suit and would not normally be used to determine the rights herein litigated.