NANCY DeHOOG, Defendant in Error, v. RICHARD DeHOOG, Plaintiff in Error.

**St. Louis Court of Appeals, February 25, 1896.**

1. **Divorce**: DECREE IN FAVOR OF HUSBAND : ALIMONY.   It is error, in a decree of divorce in favor of the husband, to adjudge permanent alimony against him.

2. —— : —— : —— : APPELLATE PRACTICE.   To do so is error on the face of the record proper, and it is, therefore, reviewable on appeal without any motion for new trial or in arrest, and in the absence of any bill of exceptions.

*Error to the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

DECREE MODIFIED.

*O. J. & R. Lee Mudd* for plaintiff in error.

The award of alimony can not be justified as within the power of the court to grant alimony *pendente lite*, for that had been fully done and none further was asked for.   This award was on final decree and after a finding against the wife; it also expressly stated the alimony to be in gross.   Such alimony can only be awarded to a successful wife.   *McIntire v. McIntire*, 80 Mo. 470; *Newman v. Newman*, 69 Ill. 167; *McIntire v. McIntire*, 24 Mo. App. 166.

No brief filed for defendant in error.

BOND, J.—Plaintiff sued the defendant for a divorce for alleged indignities rendering her condition

Coil v. Ins. Co.

intolerable. The defendant answered by a cross bill, seeking a divorce for alleged misconduct of the plaintiff. Issues were made, and the cause submitted to the court for decision. After taking time for advisement, the court rendered a decree in favor of defendant on the cross bill, and adjudged against him the costs of the suit and alimony in gross in favor of plaintiff for $200.

This decree was not excepted to, no bill of exceptions containing the evidence was preserved, and no motion for new trial or in arrest filed. The case is brought here on a writ of error, bringing up only the pleadings and judgment.

The court should not have adjudged alimony in gross against defendant in a decree of divorce made in his favor. *McIntire v. McIntire*, 80 Mo. 470. This was error on the face of the record proper, and is reviewable without a bill of exceptions or motion for new trial or in arrest. The judgment will, therefore, be so modified as to strike out therefrom the order adjudging alimony in gross, with directions to the trial court to make an entry accordingly. All concur.