JACOB B. SLAUGHTER, Plaintiff and Defendant in Error, v. LUCY A. SLAUGHTER, Defendant and Plaintiff in Error.

### Kansas City Court of Appeals, April 4, 1904.

1. **DIVORCE: Alimony: Statute.** Under the statute the guilty party in a decree of divorce forfeits all rights and claims under and by virtue of the marriage and a wife is not entitled to alimony when her husband secured the divorce for her fault.

2. ———: **Pleading: Petition: Aider by Verdict.** A petition for divorce is held defective and subject to attack before judgment but is sufficient under the rule that an issue raised on the statement of a legal conclusion which presents the real point in controversy, will be regarded as sufficient after verdict.

Appeal from Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED IN PART AND REVERSED IN PART AND REMANDED (*with directions*).

*Joseph Park & Son* for plaintiff in error.

(1) Plaintiff assigns as error in the above-entitled cause the action of the court in awarding alimony in

gross to the defendant in the sum of three hundred dollars, after having found that plaintiff was the innocent and injured party, and after having decreed to plaintiff an absolute divorce from defendant for defendant's fault. R. S. 1899, sec. 2929; McIntire v. McIntire, 80 Mo. 470. (2) The error is palpable and may be corrected upon a writ of error. De Hoog v. De Hoog, 65 Mo. App. 246.

*Millan & Greenwood* for plaintiff in error.

(1) We understand the rule has been in this State since the case of Bowers v. Bowers, 19 Mo. 351, that a petition charging indignities in general terms is not sufficiently specific under the statute. But in this case the plaintiff is in a worse condition than if he had made the charge of indignities generally. He undertakes to specify but fails to state any facts which amount to indignities such as will constitute grounds for a divorce. (2) We understand the rule is one indignity will not authorize a decree of divorce. Bowers v. Bowers, 19 Mo. 351; Dwyer v. Dwyer, 26 Mo. App. 647; McCann v. McCann, 91 Mo. App. 1; Endsley v. Endsley, 89 Mo. App. 596; Lynch v. Lynch, 87 Mo. App. 32.

BROADDUS, J.—From the judgment in this case both plaintiff and defendant have respectively prosecuted a writ of error. The action is for divorce. Plaintiff, who obtained a decree, complains of the action of the court below in rendering judgment against him for alimony. The defendant's complaint is, that the plaintiff's petition did not state a cause of action, therefore the court committed error in granting him a divorce. We will consider the plaintiff's case first:

There can be no question but what it was error to render judgment against plaintiff for alimony, for the decree granting him a divorce precluded the wife from a right to a judgment for alimony. Section 2929, Re-

vised Statutes 1899, is: "In all cases of divorce from the bonds of matrimony the guilty party shall forfeit all rights and claims under and by virtue of the marriage." In McAntyre v. McAntyre, 80 Mo. 470, the court held: "A woman can have permanent alimony in this State only as an incident to a decree of divorce in her favor." See also De Hoog v. De Hoog, 65 Mo. App. 246.

The gist of plaintiff's petition is as follows:

"Plaintiff further states that defendant offered to plaintiff such indignities as to render his condition intolerable, in this, that defendant continually abused plaintiff, quarreling at him over various and trifling matters which was wholly uncalled for and unnecessary on the part of defendant. That defendant often taunted plaintiff and falsely accused him. That defendant unreasonably and wrongfully accused plaintiff of attempting to get possession of defendant's property and at times treating plaintiff unkindly and without affection."

The petition is unquestionably defective and was a proper subject for attack before judgment. The statement of the petition that, "defendant continually abused plaintiff, quarreling at him over various small matters," it is true is in the nature of a conclusion of law, but if the facts had been stated leading to such conclusion there could be no doubt but what the allegations would amount to an indignity entitling plaintiff to a divorce, for it is hard to conceive a condition more intolerable than that of being constantly abused, etc. And it is the law of this State that "An issue raised on the statement of a legal conclusion which presents the real point in controversy will be regarded as sufficient after verdict." Jackson v. Railway, 80 Mo. 147.

It follows, therefore, that the cause should be reversed and remanded upon plaintiff's writ, the judgment set aside and judgment re-entered for plaintiff for divorce; and that the cause be affirmed as to the defendant. All concur.