THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, RESPONDENT, v. JOHN W. KELLEY AND MARY KELLEY, APPELLANTS.—120 S. W. (2d) 65.

Kansas City Court of Appeals.   June 27, 1938.

*J. K. Owens* for appellants.

*Wilkinson, Byrum & Gough, W. F. Wilkinson* and *W. Raleigh Gough* for respondent.

364

SHAIN, P. J.—This is an appeal from the judgment of the Circuit Court of Jackson County, Missouri. The suit is for a mandatory injunction to compel the removal of certain obstructions to a common driveway between lots Nos. 5 and 6, Ellison Park (House Nos. 4237 and 4239 Mercier Street, respectively), in Kansas City, and to prohibit defendants from further obstructing such driveway. Judgment below was for plaintiff, and defendants have appealed.

We are confronted at the outset with a motion to dismiss the appeal. Reasons assigned being: (1) Failure to comply with our rule 16, as to clear and concise statement; (2) Failure to include in abstract all of the evidence, to-wit, twelve deeds introduced in evidence are not set out as required by our rule 14; (3) Failure to index the exhibits (deeds) or the pages as to where offers of deeds are shown, in violation of our rule 30.

There is merit in each of the above specifications. However, this court having regard for the interest of litigants, takes upon itself extra labor, and if we can cull from statements sufficient knowledge of the questions we are asked to review, we are not prone to dismiss appeal. In the present case we conclude not to dismiss the appeal on respondent's first specification.

As to specifications Nos. 2 and 3, the parts of the deeds going to the issues can be fairly gleaned from the record, and due to that

fact and to the fact that the trail court has made of record such a clear and comprehensive finding of facts, we conclude to waive any of the defects pointed out in both specifications Nos. 2 and 3.

It appears from the evidence before us that one Margaret C. Clark, as a straw man holder of title for one James O. Wade, became the owner of lots Nos. 5 and 6, aforesaid, in the year of 1922. Thereafter the aforesaid parties made improvements of said lots Nos. 5 and 6 by erecting a duplex residence on lot No. 6 and a single residence on lot No. 5. It is further shown that said parties erected three garages in the rear of aforesaid property; one being on lot No. 5 and two upon lot No. 6. It is further shown that said parties constructed a driveway to the aforesaid three garages. It appears that said driveway at its entrance from the street was constructed at an angle from its beginning on the street and said driveway at its beginning was entirely constructed upon lot No. 5, angling therefrom for some distance until the driveway was constructed so that part was on lot No. 5 and part on lot No. 6, so as to give access to the three garages erected in the rear, as aforesaid.

It appears that on the 2nd of December, 1922, lot No. 6 was conveyed by Margaret C. Clark to J. J. Wermelskirchen and wife, and this deed, among other things, contained the following:

"Also an easement herewith granted for use of driveway between Lots 5 and 6 of Ellison Park, said easement carrying with it the privilege of each party as the owners of said Lots 5 and 6 to use all that portion of driveway in rear of said Lots 5 and 6 for the mutual convenience of each party thereto."

It further appears that on June 11, 1923, lot No. 5 was conveyed by Margaret C. Clark to Lucille Lenahan. The deed among other things, contained the following:

"Subject to an easement for the mutual use of the driveway between Lots 5 and 6, Ellison Park."

It further appears that by conveyance from Mr. Wermelskirchen and wife, title to lot No. 6 became vested in the respondent herein, plaintiff below.

It further appears that by conveyance from Lucille Lenahan to Mary Simpson, and from Mary Simpson to A. M. Schenck, and from A. M. Schenck to appellants, defendants below, they become vested in title to lot No. 5.

As before stated, the judgment in the circuit court was for plaintiff, respondent herein.

We have carefully read the record in this case and conclude that the findings of fact of the trial court are fully substantiated by the evidence and that the conclusions of law made by the trial court, all shown in the record, are in conformity with the laws of the State of Missouri, and we copy same in this opinion as follows:

". . . and the court doth further find: That the plaintiff is the owner of lot 6, Ellison Park, an addition in and to Kansas City, Jackson County, Missouri, and that the defendants are the owners as tenants by the entirety of lot 5, Ellison Park, an addition in and to Kansas City, Jackson County, Missouri; that between said lots there exists, and has existed for a number of years, a concrete driveway leading from Mercier Street to the rear of said lots where are located garages serving plaintiff's and defendants' properties, and that said driveway has for more than ten years before the filing of the petition herein, been used by the respective owners of said properties as a means of ingress and egress between said garages and said Mercier Street.

"The court further finds that the improvements on both of said properties were constructed by one James O. Wade and the said James O. Wade at the time of the construction of said improvements laid out, designed and constructed said driveway over the area described in plaintiff's petition and more fully defined and described in the plat annexed to plaintiff's petition, identified as Exhibit 'A,' which is hereby made a part hereof by reference; that the said James O. Wade located and constructed said driveway for the purpose of affording a common driveway between said properties; that at said time the said James O. Wade was the owner of the full equitable title to both of said properties, the legal title thereto being at that time held by one Margaret C. Clark, who held the legal title to said properties as a straw party for the said James O. Wade.

"The court further finds that on December 2, 1922, the said Margaret C. Clark, being then the legal owner of both of said lots, conveyed said lot 6, by warranty deed, to one J. J. Wermelskirchen, and by said deed of conveyance also conveyed to said grantee an easement for the use and enjoyment of said driveway as a common driveway between said lots, as the same had theretofore been located, established and constructed by said James O. Wade, as hereinbefore found by the court.

"The court further finds that thereafter, on the 11th day of June, 1923, the said Margaret C. Clark, being then the owner of the legal title to said lot 5, conveyed the same, by warranty deed to one Lucile Lenahan, and by said deed of conveyance reserved for the benefit of the owner of said lot 6 the said easement theretofore created for the common driveway between said properties.

"The court finds that by reason of the location, establishment and construction of said driveway by the said James O. Wade, as hereinbefore found by the court, and by reason of the grant and reservation of said easement by the deeds of conveyance hereinbefore referred to, there was created, for the mutual use, benefit and enjoyment of the respective owners of said lots 5 and 6, Ellison Park, a common

easement and right of way between said properties as the same has hereinbefore been described, and that each of said several owners became entitled to use and enjoy said easement and driveway for the purpose of ingress and egress between said garages and said Mercier Street and for all other reasonable purposes connected therewith.

"The court further finds that by reason of successive conveyances from the said Wermelskirchen and the said Lenahan, the plaintiff and the defendants have respectively became seized and possessed of the title to the said two lots of land and have become seized and possessed of said easement and driveway.

"The court further finds that the plaintiff is entitled to said easement and driveway by reason of the continued and uninterrupted, adverse use and enjoyment of said easement and driveway by plaintiff and its predecessors in title for a period of more than ten years immediately prior to the filing of this suit and prior to the obstruction of the driveway by defendants as hereinafer found by the court.

"The court further finds that in the month of July, 1936, the defendants, without warrant or justification, attempted to obstruct, and did obstruct and prevent, the use by plaintiff and its tenants, and those holding under them of said driveway, by the construction of posts and a wire fence along the property line between said lots 5 and 6, thus preventing the use of said driveway by plaintiff, its tenants and those holding under them.

"The court finds that the said obstruction of the driveway by the defendants was unwarranted and unjustified and that by reason thereof plaintiff and its tenants were greatly injured but that the injury and damage to plaintiff may not be readily and accurately ascertained, and that unless the defendants be enjoined from further maintaining said obstruction plaintiff will be irreparably damaged and that plaintiff has no plain, adequate and complete remedy at law.

"WHEREFORE, it is by the court ordered, adjudged and decreed that the defendants, and each of them, be, and they hereby are, commanded immediately to remove the said obstructions placed upon said driveway, to-wit, said wooden posts and said wire fence erected upon said driveway; and it is further ordered, adjudged and decreed by the court that the defendants, their agents and servants, each of them be and they hereby are, perpetually enjoined and restrained from maintaining said objections upon said driveway and from erecting or constructing and maintaining any other obstructions to said driveway as the same has heretofore been defined and described by the court. "It is further ordered, adjudged and decreed by the court that the plaintiff have and recover of and from the defendants its costs herein and that execution issue therefor.

"(Signed) Ben Terte,
"Judge."

We conclude that the above findings and conclusions by the trial court are in harmony with the evidence and the law. [Litchfield v. Boogher, 238 Mo. 472, 142 S. W. 302; Sanford v. Kern, 223 Mo. 616, 122 S. W. 1051; Batson v. Peters (Mo.), 89 S. W. (2d) 46; Greisinger v. Kleinhardt (Mo.), 9 S. W. (2d) 978.]

Judgment affirmed. All concur.