JOHN M. FOXX and ELLA FOXX, Plaintiffs (Respondents), v. HENRY K. THOMPSON and ANGIE M. THOMPSON, and ANNA RUTH THOMPSON WHISLER, Defendants and Third Party Plaintiffs (Appellants), v. TRACY LEONARD and RUTH LEONARD, Third Party Defendants (Respondents).—No. 40546.—216 S. W. (2d) 87.

Division Two, December 13, 1949.

Rehearing Denied, January 7, 1949.

*Warrick, Brewer & Lamkin, Kenneth W. Tapp, F. Lamkin, Jr.,* and *Mildred D. Raymond* for appellants.

*Harry A. Hall* for respondents John M. Foxx and Ella Foxx.

*Bert Steeper* for respondents Tracy A. Leonard and Ruth Leonard.

[88] BARRETT, C.—In 1925 a Mr. Kranitz purchased a triangular plot of land in Kansas City. The curvilinear base of the tract fronted on Rockhill Road and a part of the back side of the tract fronted on the dead end of Locust Street. Mr. Kranitz built six two-story stucco duplexes on the Rockhill Road side of the tract and another two-story stucco duplex on the back side of the tract. Fifty-six feet of the latter tract fronts on the dead end of Locust Street. We are concerned with the rights of the property fronting on Locust Street, 4326 Locust, and the rights of the two middle properties on Rockhill Road, 4320 and 4322 Rockhill Road. These three lots adjoin in the rear and Mr. Kranitz built a garage for the accommodation of the duplexes on the adjoining lines. The garage is under a single roof with six partitioned stalls, one for each apartment in the three duplexes. The residents of 4320 Rockhill Road have used the two north stalls of the garage ever since it was constructed, the residents of 4322 Rockhill Road have used the two middle stalls and the residents of 4326 Locust have used the two south stalls. There is a concrete approach or apron in front of the garage and all the occupants of the duplexes have used the approach in driving their automobiles in and out of the garage. There is a joint driveway from the garage between the two duplexes facing Rockhill Road and another driveway from the garage across the other lot on to Locust Street. All the tenants and occupants of the three duplexes have used both driveways ever since they were constructed.

In constructing the improvements Mr. Kranitz mortgaged all the properties and eventually lost them by foreclosure. Since 1942 Mr. and Mrs. Leonard have owned the 4326 Locust Street property and since 1945 Mr. and Mrs. Foxx have owned 4320 Rockhill Road and the Thompsons have owned [89] 4322 Rockhill Road. They acquired their respective properties by conveyances which purported to describe the boundary lines of their respective lots. There was no mention of an easement in any of the conveyances and no survey of the lots until

the immediate parties became embroiled in an argument over the use of the garage, the concrete apron and the driveways. A survey disclosed, for the first time to anyone's knowledge, that the greater part of the joint driveway is on the Thompsons' lot and a room or enclosed porch of the Foxxes' house encroaches on the Thompsons' lot .75 of a foot at the front of the room and 1.6 feet at the rear of the room. The survey also disclosed that the part of the garage used by the Foxxes encroached on the Thompson lot 5.6 feet and that part of the garage used by the Thompsons encroached on the Leonards' lot 5.6 feet.

Upon this appeal there is no complaint or question concerning the encroachment of the Foxx house upon the Thompson land. Bihss v. Sabolis, 322 Ill. 350, 153 N. E. 684, 53 A. L. R. 907. In their briefs the Thompsons concede that as between themselves and the Foxxes the driveway between their properties on to Rockhill Road is a joint driveway and that the Foxxes have an easement in it. Jacobs v. Brewster, 354 Mo. 729, 190 S. W. (2) 894. The trial court decreed, however, that all the parties had a right to have the garage and concrete apron maintained as they had been constructed, despite the encroachments, and that each of them had an easement in the concrete apron and the right to freely use it as a means of ingress and egress to their respective stalls in the garage. The trial court also decreed that the Leonards had an easement in the joint driveway between the Thompson and Foxx property and, as we understand, that Foxxes and Thompsons had an easement in the Leonards' driveway to Locust Street. Accordingly, the trial court enjoined the parties from interfering with any of these rights. Only the Thompsons have appealed from the decree and it is their contention that the court erred in decreeing reciprocal easements in the driveways and the apron and that the court erred in finding and decreeing that the Foxxes and the Thompsons had a right to use any stalls of the garage that were not wholly within the confines of their respective lot lines. It is the Thompsons' position that there was no proof, in these latter particulars, of either an easement implied in fact or an easement by prescription.

Mr. Kranitz died many years ago and none of the subsequent owners or occupants of the lots ever had any personal contact with him or any means of proving his intention other than from what he did. As we have said, he constructed the garage with its six partitioned stalls and the concrete approach in 1925 and all subsequent owners and occupants of the duplexes have used them and for twenty years, and no one had any knowledge of the encroachments. As to the encroachments of the garage the Thompsons contend that the occupancy was merely a mistake of fact without intention to claim adversely and that no rights could accrue by reason of such claims.

614

In support of this argument they rely upon the line fence cases:. Foard v. McAnnelly, 215 Mo. 371, 114 S. W. 990; Welsh v. Brown, 339 Mo. 235, 96 S. W. (2) 345. As to both the concrete approach and the garage it is urged that there could not be an easement by prescription because all use of them was permissive only and there was no proof of necessity for user in order for the respective grantees to have reasonable enjoyment of the properties conveyed. In this connection the Thompsons say: "There not only is no affirmative showing that additional space for two garages might not be purchased or other expedients, such as basement garages, adopted, but there is even a suggestion in the testimony that the Foxxes might obtain space from the property to the north—4318 Rockhill Road."

But that precisely is one of the principal difficulties with the appellants' position,—there was no evidence that other space was available for the garage and the apron. If there had been such affirmative proof we would be confronted with another problem. Seested v. Applegate, (Mo. App.) 26 S. W. (2) 796. In the Seested case there was positive proof of additional space for a drive and therefore no necessity for the easement. There is also this further difference in [90] this case and the Seested case: In that case the original owner of both lots informed the purchaser of the inequality of the encroaching drive. There was no proof in this case of the value of the garage and the apron, or of the cost of moving them or of the fact that their present location was merely a matter of convenience. We would be confronted with a different problem had these matters been the material issues in the case. Bales v. Butts, 309 Mo. 142, 274 S. W. 679; Schnider v. M. E. H. Realty Co., (Mo. App.) 193 S. W. (2) 69; Navarro v. Paulley, 66 Cal. App. (2) 827, 153 P. (2) 397. Regardless of where the burden of proof lay (Fassold v. Schamberg, 350 Mo. 464, 166 S. W. (2) 571) the appellants filed the third party petition, bringing the Leonards into the case, after the Foxxes had filed suit for a declaratory judgment and in that manner presented the issues upon which this cause must turn. In truth the sole issue and the theory of the case in the trial court was the existence or non-existence of the easements.

Furthermore, as the trial court found, the weight of the evidence is that use of the concrete apron was necessary and essential to the reasonable use and enjoyment of the respective stalls in the garage. It is not only not convenient for one to back an automobile out of one of the stalls without driving over a part of his neighbor's apron and ground, it is not possible for the Foxxes to do so, and, of course, it is not possible for the Thompsons to do so as long as one of their stalls remains partially on the Leonards' lot. And the Leonards testified that it is impossible for them to back out of their stalls without utilizing more than their own space in the apron. In all the circum-

stances there was proof of necessity of use of the apron and stalls in order that the respective owners and occupants may reasonably enjoy the property they purchased. 17 Am. Jur., Secs. 43-44, 48, pp. 953-954, 959.

As to the encroaching garage and the apron the easements are of a different character than the usual easements and are not governed entirely by the usual rules. "The easement claimed here is one of different character and the element of necessity should not be so strictly applied." Greisinger v. Klinhardt, 321 Mo. 186, 192, 9 S. W. (2) 978, 980. They do not result from the intentional conduct or mutual agreements of adjoining owners. Jacobs v. Brewster, supra. Here there was nothing in the prior conveyances which either affirmed or denied an easement, (Anthony v. Kennard Building Co., 188 Mo. 704, 87 S. W. 921) and any easement did not have its inception in a contract between the immediate parties. Auxier v. Horn, (Mo.) 213 S. W. 100. As a matter of fact the easements as to the garage and the apron do not rest on prescription or adverse possession in its commonly accepted sense. Sanford v. Kern, 223 Mo. 616, 122 S. W. 1051.

As to the garage and apron the easements, like the easement of the Foxxes' encroaching porch, are based upon and inhere in the fact and circumstance that "Where an owner of land subjects part of it to a service in favor of another part, and then aliens either part, the grant not referring to the service, the grantee will take subject to the burden or benefit, as the case may be, if the service is one strictly necessary to the enjoyment of the dominant property. And the grantee of the dominant part will also take the benefit of such a service if it is open, visible and reasonably necessary to the enjoyment of the property granted." Annotations: 9 A. L. R. 488; 41 A. L. R. 1210; 53 A. L. R. 910; 5 Restatement, Property, Secs. 487-488; Hall v. Morton, 125 Mo. App. 315, 102 S. W. 570. "It is not a question of prescription, but a question of the apparent attachment for the enjoyment of the property granted. It must be reasonably necessary for the enjoyment of the dominant estate. It must be apparent at the time of the severance by the original owner." Greisinger v. Klinhardt, supra. In the latter case the rule was applied and reciprocal easements decreed when the original owner created an artificial lake and resort on his land and his common ownership was subsequently severed. The court there pointed out that the thing purchased, a lake and resort, was worthless without the reciprocal easements. In Slachter v. Oldman, (Conn.) 164 Atl. 202, the law was applied to a garage. As long as the garage stands and [91] the adjoining owners maintain it as it was originally constructed the respective occupants and owners are of necessity bound by these rules. It follows that the trial court did not err in decreeing the easements in the garage and the apron.

■ These principles do not apply, however, to the Leonards' use of the Thompson—Foxx joint driveway and neither do they apply to the Thompsons' and Foxxes' use of the single driveway over the Leonards' property. The Thompsons and the Foxxes do not claim that an easement over the Leonards' driveway is necessary or essential to the use and enjoyment of either of their duplexes, the garage or the concrete apron. They do not even claim that there is any convenience in their using the Leonards' driveway. Their right to an easement could only derive from the fact that occupants of the duplexes and others have used the Leonards' driveway since it was constructed in 1925, especially as a convenient escape from the dead end of Locust Street across the Leonards' and the Thompson—Foxx joint driveway on to Rockhill Road. The Leonards base their right to use the Thompson-Foxx joint driveway on these facts and circumstances: The owners and occupants of their property, 4326 Locust Street, have used the joint driveway since it was constructed in 1925, with the tacit assent and knowledge of the owners and occupants of 4320 and 4322 Rockhill Road. When there is ice and snow it is very difficult, at times almost impossible, to drive out of the south stalls and over the Leonards' driveway to Locust Street. When there is ice or snow it is much easier to drive out of the south stalls and on to Rockhill Road through the Thompson-Foxx driveway than it is to use the Leonards' driveway. Since Locust Street is a dead end street the Leonards are apprehensive that the city may vacate and close the street. In addition, the Leonards testified that when they purchased 4326 Locust Street a representative of an owner of one of the Rockhill properties told them that "we had a right-of-way to use that driveway any time we wanted to, and they had a right-of-way to use ours." But the Thompson-Foxx joint driveway does not encroach on the Leonards' property and it is not appurtenant or apparently attached to any property purchased by them, as the garage is. Their use of the Thompson-Foxx driveway of necessity depends on prescription and their proof shows mere convenience and permissive use and not such use under a claim of right as to entitle them to an easement over the joint driveway. In this respect their claim is governed by the usual rules. Anthony v. Kennard Building Co., supra; Sanford. v. Kern, supra; Bussmeyer v. Jablonsky, 241 Mo. 681, 145 S. W. 772. The single fact that the driveway in Jacobs v. Brewster, supra, was a joint driveway is sufficient to distinguish the case from the easement here claimed by the Leonards. There is a driveway across the Leonards' property, nine feet and three inches wide. It follows that the court erred in decreeing an easement in the Leonards across the Thompson-Foxx joint driveway and in the Thompsons and Foxxes across the Leonards' driveway.

In this latter respect the judgment is reversed; in all other respects the judgment is affirmed and the cause is remanded for the entry of a decree in conformance with this opinion. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. *Ellison, J.*, and *Tipton, P. J.*, concur; *Leedy, J.*, absent.