Mae JUDGE, Respondent,

v.

Milton Earl DURHAM et al., Appellants.

No. 21967.

Kansas City Court of Appeals.

Missouri.

June 6, 1955.

Don C. Carter, Sturgeon, W. M. Stringer, Moberly, for appellant.

Raymond L. Falzone, W. B. Stone, Moberly, for respondent.

ROSE, Special Judge.

This is an action in equity by respondent for an injunction to prevent interference with an alleged easement over the driveway of the appellants and for damages. The trial court found for the respondent and this appeal followed. By an opinion and order of this court in March, 1954, this cause was transferred to the Supreme Court of Missouri because title to real estate was thought to be involved. Judge v. Durham, Mo.App., 265 S.W.2d 437. That court, determining otherwise, retransferred the cause here. Judge v. Durham, 274 S.W.2d 247.

Elizabeth Street and South Sixth Street are north and south thoroughfares in the City of Moberly. In the year 1909 one John T. Martin purchased a tract of land fronting 75 feet on Elizabeth Street on the west and 75 feet on South Sixth Street. He divided this tract into four parts, two facing on the west side of Elizabeth Street and two facing the east on Sixth Street. Apparently the original description of the entire tract was the north one-half of Lot 5 and Lot 6 in Halls Addition to Moberly, Missouri. Martin added 12½ feet off the south side of Lot 6 to the north one-half of Lot 5 and thereby made the east lots 37½ feet in width on Sixth Street. Martin described his own lot as the East 82½ feet off the south 12½ feet of Lot 6. February 12, 1910, Martin deeded to Minnie Harlan the lot immediately west of his home lot and of the same dimensions, which deed contained the following: "It is hereby agreed by and between the parties hereto, that there shall be a private driveway 8 feet wide, maintained upon the north line of the ground herein described; that 4 feet of said driveway shall be on the ground above described and 4 feet on the ground of the said Martin adjoining on the north of said driveway, to be kept for the use and benefit of the parties hereto or their heirs or assigns and not to be closed as to other party hereto (except by written agreement signed and acknowledged by the parties owning the ground herein referred to and recorded in the land records of Randolph County, Missouri)". The grantee built a house thereon in a short time.

On July 8, 1910, Martin conveyed the Northwest lot of the tract to one William M. Blackwell with the following stated in the deed: "It is agreed that there shall be a private driveway 8 feet wide maintained on the South line of said ground, 4 feet of said driveway shall be on the land above described, and 4 feet on the ground of Minnie Harlan adjoining on the south and driveway to be maintained for the use and benefit of the present and future owners of the north half of Lot 5 and Lot 6 in Halls Addition to Moberly, Missouri."

Said Martin conveyed the northeast lot to one Edward J. Miller, July 27, 1910, which deed contained the following: "It is agreed that a driveway 8 feet wide shall be maintained on the south line of above described tract, 4 feet of said driveway to be on above described land and 4 feet on the land adjoining on the south, said driveway to be maintained for the use and benefit of the owners of Lot 6 and the north half of Lot 5 in Halls Addition to Moberly, Missouri." The Blackwells and Millers each built new houses on their respective tracts.

Martin conveyed the several tracts of land under descriptions so that the driveway between appellants' properties, and the driveway on the north of the respondent's property and between the property lying north thereof, abutted exactly, so that it would enable the abutting property owners along the driveway, to have a driveway from street to street.

The four owners acting together and at the same time, the latter part of 1910 or in 1911 constructed a concrete driveway from Elizabeth Street to Sixth Street, making the traveled portion 6 feet and 6 inches wide.

On the 29th of October, 1913, Mr. Martin deeded the southeast lot to Lewis F. Breusch and wife and on the 18th day of April, 1929, Mrs. Breusch, his widow, reserving a life estate therein, deeded the property to Mae Judge, respondent in this case. Respondent's father died April 28, 1928, and her mother died February 10, 1950. In 1937, a Mrs. Trombley purchased the northeast lot and property.

In July, 1948, the appellant Fern Noell became the owner of the northwest lot and residence, and in 1949, Milton Earl Durham and Nabby Durham became the owners of the southwest lot and residence and resided there at the time of this difficulty.

It may now be said, after a careful reading of the voluminous record in this case, that the evidence is overwhelming that immediately after the completion and the establishment of the above described driveway it was used by many classes and types of conveyances as well as by pedestrians until in the spring 1950. At first by horse or pony drawn delivery wagons; by ash and garbage trucks; by coal wagons and trucks coming in from Elizabeth Street, although as the years went by and motor vehicles became larger, the tires of some would ride the curbing.

It would appear that from the time of the original construction of the driveway it was openly, generally, notoriously, and continuously used by the various occupants of the four properties for whatever uses and purposes that they deemed convenient or necessary and particularly until the acquisition of their respective properties by the appellants in 1948 and 1949. Garages of course had been built at the rear of the properties and these were used by all the owners and some of their roomers as well as visitors, and most of them and more lately nearly all coming in from Elizabeth Street and going out the same direction. Usually in backing or turning an automobile each person who lived in any one of the four properties in attempting to go from a garage to the street would be obliged to drive to some extent on the property of the other three. The reason that few persons attempting to use the driveway would enter or leave by Sixth Street was that the curbing on that end of the driveway was high and the slope considerably steeper. It was very difficult for modern automobiles to enter or drive through this portion.

In 1950, the appellants widened their portion of the driveway to some extent, lowered the side curbings, improved their part of the drive and modernized the same to a considerable degree. At this time appellants had asked respondent to join in the improvement by modernizing her portion of the driveway leading to Sixth Street and she refused to do so. What the evidence shows the appellants desired was an improvement of the east end of the driveway like or similar to that which had been made by them on the west.

As the dispute between appellants and respondent became more intense, automobile parking difficulties arose and finally the appellants stopped respondent's use of the driveway from Elizabeth Street entirely in September, 1950, and this suit followed.

The case was tried in two parts, the first on the question of injunctive relief, which was heard and sustained, and thereafter on the question of damages, at which time the findings were combined and respondent granted a permanent injunction against the appellants' interference with her right to use such driveway or the right of other persons to the use of the same in going to or coming from respondent's property, together with the sum of $150 damages for unlawful interference.

The trial court made a combined finding of facts and decree to the effect that the recital in the deed from Martin to Blackwell did not legally create an easement for the benefit of .the respondent's and the Trombley tracts to use the partnership driveway in question because said driveway

had been previously established in the deed from Martin to Harlan and the rights of said grantee could not be diminished by a subsequent instrument in which she did not join. That the parties owning the four tracts in the latter part of 1910 considered that each had a right to use said driveway from Elizabeth Street to Sixth Street and joined together in placing a concrete surface thereon; that the recital in the deed from Martin to Harlan was a sufficient basis upon which respondent and those under whom she claims could predicate their claim of right to an easement in connection with establishing the same by prescription. That for approximately 40 years before September, 1950, the respondent and her predecessors in title used the driveway established by the recital in the deed from Martin to Harlan as a means of ingress and egress from Elizabeth Street to the rear of respondent's property both for pedestrian and vehicular use and that such use was open, notorious, adverse and under a claim of right. That there was nothing to indicate such use was permissive and that respondent and her predecessors acquired an easement by prescription which had existed for about 30 years before its use was interrupted by appellants.

Appellants vigorously assault the finding for respondent, asserting that the petition fails to state "a cause of action", (this should be failure to state facts sufficient to constitute a claim on which relief can be granted), because it fails to set out the elements of an easement by prescription, and because the evidence wholly fails to show an easement by prescription, asserting there is no proof of adverse user, that the use of the driveway was permissive in its inception and so remained, and that there is no easement by implication.

We find that respondent's petition alleged "that there is now, and continuously since 1910 has been, a partnership driveway between the Durham and Noell lots, said driveway being 8 feet in width and consisting of the south 4 feet of the Noell lot and the north four feet of the Durham lot, and running from Elizabeth Street east- ward to the west or rear end of plaintiff's lot.

"That continuously since early in 1910 the Plaintiff and prior owners of her said property have had an easement over said driveway for the purpose of traveling to or from said Elizabeth Street and continuously since early in 1910 have used it for that purpose.

"That the Plaintiff now has and at all times hereinafter referred to has had, in going from her property to Elizabeth Street or in going from Elizabeth Street to her property, the lawful right to travel over said driveway without interference or restraint or objections or disturbance of any kind by defendants.

"That all persons living or visiting or having business at the Plaintiff's said home now have and at all times hereinafter referred to have had, in going from plaintiff's property to Elizabeth Street or from Elizabeth Street to plaintiff's property, the lawful right to travel over said driveway without interference or restraint or objections or disturbance of any kind by the Defendants."

In a determination of this question it is well to remember that it has now been ruled by the Supreme Court that this is not a suit to establish an easement, but an injunction suit in which the question of the ownership of an easement is a collateral issue. Respondent's petition alleged she was the owner of an easement arising from the construction of a partnership driveway in 1910 which had been used continuously since that time; that she had a lawful right to travel the same; that all persons visiting her or having business at her home had a right to travel over the drive, and that appellants had forbidden its use. The appellants denied these averments and went to trial.

While many of the allegations in the petition are, strictly speaking, conclusions, allegations of ultimate facts and careless pleading, no attack was made in the trial court by a motion to dismiss for failure

to state facts sufficient to constitute a claim on which relief could be granted, motion to strike or to make more definite and certain. The first mention made of this contention is in the motion for a new trial. Consequently, where the sufficiency of the petition is attacked for the first time after judgment it is much more immune than before judgment, and every reasonable intendment in its favor will be indulged. Goldman v. Ashbrook, Mo.App., 262 S.W.2d 165. In fact, from the record before us it is apparent that the first square and serious assignment of this nature comes on appeal and in such cases it has been held that allegations of mere conclusions are good unless the pleading wholly fails to state any claim whatever. Slaughter v. Slaughter, 106 Mo. App. 104, 80 S.W. 3; Jones v. F. W. Woolworth Co., 234 Mo.App. 1189, 122 S.W.2d 41; Nahn-Heberer Realty Co. v. Schrader, Mo.App., 89 S.W.2d 142.

■ Bearing in mind that the petition did not seek the establishment of an easement, but injunctive relief only and damages, wherein respondent alleged that she already had an easement, "that continuously since early in 1910 the plaintiff and prior owners of her said property have had an easement over said driveway", as the petition puts it, we disallow this point.

Appellants next assert that there is not in the record any evidence of adverse, open, notorious and continuous possession of the driveway by respondent such as to constitute an easement by prescription. It is their position that such use as was made of the same was a friendly, neighborly use, not hostile, and that on such account there could be no adverse possession, citing such cases as Pitzman v. Boyce, 111 Mo. 387, 19 S.W. 1104, and Freed v. Greathouse, 238 Mo.App. 470, 181 S.W.2d 41. However, as was stated in the case of Sanford v. Kern, 223 Mo. 616, loc. cit. 626, 122 S.W. 1051, loc. cit. 1055. "This is not a case where an easement, resting in a mere permissive license without any consideration passing and having for its basis a mere act of neighborly good will, is sought to be enforced. Nor is it a case where an easement is not claimed *as of right,* and where the user was not of right. Such cases, therefore, as Pitzman v. Boyce, 111 Mo. 387, 19 S.W. 1104; Field v. Mark, 125 Mo. 502, 28 S.W. 1004 and Anthony v. [Kennard] Building Co., 188 Mo. 704, 87 S.W. 921, are not in point."

■ In the present case, as in the Sanford v. Kern case, the respondent was not a trespasser and her claim to an easement originated in a prior agreement relating to the driveway, thus she claimed not by wrong, but by right. It seems to be the appellants' contention that to prove a claim of adverse possession in the establishment of an easement, some oral or written statement to this effect must be made by the claimant and brought to the notice of the opposite party; in other words, express notice. To this proposition we cannot agree. While no doubt any competent oral or written evidence of such character would be admissible, the claim itself rests in intent. The proof of that intent may be by circumstantial evidence. Anthony v. Kennard Building Co., 188 Mo. loc. cit. 720, 87 S.W. 921; Roberts v. Quisenberry, 362 Mo. 404, 242 S.W.2d 26, loc. cit. 28.

■ As was quoted by Judge Hyde in Landers v. Thompson, 356 Mo. 1169, 205 S.W.2d 544, 546: " 'The principle, as stated in all of our prior decisions, may be reduced to this: If the possessor occupies the land in question intending to occupy that particular piece as his own, his occupancy is adverse. It is not necessary that he intend to take away from the true owner something which he knows belongs to another, or even that he be indifferent as to the facts of the legal title. It is the intent to possess, and not the intent to take irrespective of his right, which governs.' " See, also, State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W.2d 174, loc. cit. 176.

■ In this case the evidence shows that the joint use of the driveway was not permissive in its inception; that it was founded in an agreement between the respective lot owners by which a common driveway was constructed and used for about forty

years following for common objects and common purposes, openly, notoriously, actually, continuously, exclusively and under a hostile claim of right within the meaning of that term. It was not a way of necessity and it did not arise by implication. There is absolutely no reason to believe that had any of the common owners and users of the driveway attempted to prevent any of the others from freely using it, such action would not have brought swift and immediate protest and reaction. As is stated in the case of Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894, to establish an easement by prescription it is not necessary to show affirmative acts of hostility in the sense of belligerency. That was likewise a case concerning easements in adjoining strips of land comprising a driveway, and, among other things holds that acquiescence in use by adjoining property owners of a common driveway does not mean active permission or license, but means quiescence and is a circumstance indicative of adverse use.

The rule is stated in 28 C.J.S., Easements, § 18, at page 673: " * * * the weight of authority is to the effect that, where adjoining proprietors lay out a way or alley between their lands, each devoting a part of his own land to that purpose, and the way or alley is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close the part which is on his own land; and in these circumstances the mutual use of the whole of the way or alley will be considered adverse to a separate and exclusive use by either party." Citing the case of Prudential Ins. Co. of America v. Kelley, 233 Mo.App. 362, 120 S.W.2d 65, which, while perhaps not entirely in point in this case, is somewhat persuasive upon the subject.

Again adverting to the well considered case of Jacobs v. Brewster, supra [354 Mo. 729, 190 S.W.2d 899] which in many respects, particularly as to the points made by the appellants in that as well as this case bear a marked similarity, the court, quoting, said: " 'While the mere permissive use of a way over the land of another will not ripen into an easement, yet one who joins his adjacent landowner in the construction of a paved private way over and along the medial line has given such adjacent owner more than a mere license. Each owner, by use of the driveway, is continuously asserting an adverse right in the portion of the way on the other's lot.' * * * The parties, by their conduct and mutual use of the way, indicate that they intend to create reciprocal easements." Also, " * * * if the improvement and the arrangement for its use has the earmarks of permanency, adverse use is indicated."

Appellants' only other assignment which is combined with the alleged insufficiency of the evidence of an easement is that the proof of damages is inadequate to sustain the judgment.

In this respect respondent testified that appellants stopped her coal deliveries in the fall of 1950 and she was obliged to convert her coal furnace to gas at a cost of $390; that she had $62.50 worth of coal in the basement which appellants would not permit a truck to get, and that she is giving it away to persons who will carry it out; that roomers left because of garage trouble. Appellants moved the trial court to enter judgment for nominal damages. This motion was overruled and judgment entered for $150 damages.

It is our view of the case, and we so hold, that on the record before us respondent's petition is sufficient; that the evidence was more than ample to support her claim to the ownership of an easement by prescription to the width of eight feet, as called for by the deeds in evidence and shown by the proof, and that the actual damages awarded by the court, disregarding the cost of a conversion burner, were reasonable. Judgment affirmed.

DEW, P. J., and CAVE, J., concur.