James K. PENDLETON and Patricia Pendleton, Appellants,

v.

Gordon A. GUNDAKER, Jr., and Donna Lee Gundaker, and Robert C. Peck and Anna Peck, Respondents.

No. 50454.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1964.

James K. Pendleton, St. Louis, pro se.

Herbert W. Ziercher, Robert C. Jones, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for respondents.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment of the trial court dismissing their petition, after a hearing on the merits, wherein they sought to establish an easement by an implied grant and then enjoin the defendants from interfering therewith, and to obtain damages in the amount of $2,000. This court has jurisdiction of this appeal for the reasons set forth in Pendleton v. Gundaker, Mo.App., 370 S.W.2d 720.

Lots 21 and 22 of block 43, Kenwood Homesites, St. Louis County, Missouri, adjoin each other, with lot 22 lying to the west. Each lot adjoins the south side of Daiber Avenue, a public street, but neither lot touches any other public way. For several years prior to December 31, 1959 the two lots were owned by Laura Gieselmann. On that date lot 21 was purchased

by plaintiffs, and at that time there ·was located thereon a family dwelling house with a separate building located at the rear of the lot designed and used for an automobile garage. Lot 22 was then vacant, but located thereon was an asphalt surfaced driveway approximately 9 to 11 feet in width leading from Daiber Avenue southward and then turning to the garage located on lot 21. In the deed by which plaintiffs obtained title to lot 21 there was no reference whatever to an easement for driveway purposes over lot 22. Mrs. Pendleton, a grantee in the deed and a plaintiff in this suit, testified that she was "out there two or three times" prior to the purchase and "examined the grounds," and that at the time of the purchase she was aware of the fact that the driveway was on lot 22 because, as she said, "our dimensions were forty feet, and any body could see our driveway was not included."

On the east side of plaintiffs' house there is a retaining wall owned jointly by plaintiffs and the neighbors to the east with half of the wall on plaintiffs' property. The distance between the southeast corner of plaintiffs' house and this wall is approximately 8½ feet. The distance between plaintiffs' house and the west line of lot 21 is not shown, but from a photograph in evidence there appears to be about seven or eight feet between plaintiffs' house and the foundation of the house constructed by defendants on lot 22.

Defendants acquired lot 22 in 1961 from Paul F. and Norma J. Conley who apparently had obtained it from Laura Gieselmann subsequent to the time plaintiffs purchased lot 21. After the Conleys obtained the deed from Laura Gieselmann, they also obtained a warranty deed from the "trustee in bankruptcy of F. A. Sander Estate," but the reason is not explained in the evidence. In none of these deeds was there any reservation of an easement in favor of plaintiffs. In November 1961 defendants started the construction of a house on lot 22 and removed that portion of the asphalt driveway

located thereon. This suit followed immediately.

Prior to going to trial plaintiffs submitted a request pursuant to Civil Rule 59.01, V.A.M.R., for the admission of eight separate matters of fact, and they designated in the request that the admissions be made within ten days after service of the request. The answer thereto of defendants was six days late, or possibly less depending upon when service was had. Defendants admitted four of the facts submitted and stated that they had no information as to the others. On this appeal plaintiffs assert prejudicial error because the trial court did not rule that all of the submitted facts were admitted. In ruling on the appeal in this nonjury case we have assumed as true all the facts submitted, so plaintiffs are in no way prejudiced.

Plaintiffs do not seek, and in fact they admit that they are not entitled to, an easement by prescription over lot 22 for their driveway. They contend that "the admitted facts together with the uncontroverted evidence" clearly indicate that they are entitled to "a declaration of an easement by a necessity." They rely on the· general rule set forth in their cited case of Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501, 506, as follows: " 'Where the owner of land has, by any artificial arrangement, effected an advantage for one portion, to the burdening of the other, upon a severance of the ownership, the holders of the two portions take them, respectively, charged with the servitude and entitled to the benefit openly and visibly attached at the time of the conveyance of the portion first granted.' * * * The benefit must be reasonably necessary to the enjoyment of the dominant estate, and apparent at the time of the severance by the original owner." See also Foxx v. Thompson, 358 Mo. 610, 216 S.W.2d 87; Greisinger v. Klinhardt, 321 Mo. 186, 9 S. W.2d 978; Bussmeyer v. Jablonsky, 241 Mo. 681, 145 S.W. 772, Ann.Cas.1913C, 1104, 39 L.R.A.,N.S., 549; Henderson v.

La Capra, Mo.App., 307 S.W.2d 59; and the annotations in 34 A.L.R. 233; 100 A.L.R. 1321 and 164 A.L.R. 1001. The burden of establishing an easement by implied grant is on the person asserting its existence, and that proof must be by what is sometimes referred to as clear, cogent and convincing evidence. In addition, it is proper and highly desirable that "the tendency of the courts, as a general rule, is to discourage implied grants of easements, since the obvious result, especially in urban communities, is to fetter estates, retard buildings and improvements, and violate the policy of recording acts." Missouri State Oil Co. v. Fuse, supra; Henderson v. La Capra, supra; 17A Am.Jur. Easements § 41; 28 C.J.S. Easements § 30. The creation of an easement by implied grant depends upon the intent of the parties concerned, which must clearly appear, Henderson v. La Capra, supra, 307 S.W.2d at p. 64, and which is the "cardinal consideration," 17A Am.Jur. Easements § 41, and that intent is to be inferred from all of the circumstances under which the conveyance was made. Jack v. Hunt, 200 Or. 263, 264 P.2d 461, 265 P.2d 251; 28 C.J.S. Easements § 30.

Lots 21 and 22 are in a residential area and are designed or platted for single residential dwellings. Lot 21 is small, being only forty feet in width. The width of lot 22 is not shown, but there is an inference that it is the same as lot 21. The evidence does not reveal when the house on lot 21 was built or by whom, or whether it was built at a time when the two lots were owned by the same person. In addition, the evidence does not reveal who built the driveway or when, but we shall assume that it was constructed when lots 21 and 22 were in common ownership. Laura Gieselmann, the common owner of the two lots at the time plaintiffs purchased lot 21, was not called as a witness by either side. Her testimony, if available, probably would have been most helpful. For aught that is shown by the evidence, Laura Gieselmann may have been an absent owner of the two lots with no personal knowledge whatever of the existence of the driveway on lot 22. Her intention at the time of the execution of the deed to plaintiffs is left to pure speculation. As to the intention of plaintiffs, the grantees, Mrs. Pendleton admitted that she knew that the lot they were purchasing was forty feet in width and that the driveway was not on their lot. In addition, it was admitted by plaintiffs that the deed to them made no reference whatever to an easement or any right in lot 22. The knowledge of the absence of any right to maintain the driveway on lot 22 is inferentially indicated by the fact that subsequently Mrs. Pendleton on three occasions called the City Clerk of the City of Northwoods concerning a building permit for lot 22, because she "figured there would be a lapse of time from purchase to the issuance of the building permit" and she wanted to see if she could negotiate about buying the lot. Plaintiffs assert, and we shall assume, that prior to the time defendants purchased lot 22 the shrubbery located on lot 21 was arranged, apparently by them, for the use and location of the driveway on lot 22. However, from the photographs in evidence this appears to be of little or no significance.

The right to an easement by implied grant by reason of a prior use by the common owner is based on the reasonable necessity to the enjoyment of the alleged dominant estate. Missouri State Oil Co. v. Fuse, supra. This is a relative term, and other available access to the conveyed property is extremely important in the determination of such necessity. In this case access to the rear of lot 21 and the garage is available on the east side of the house over a strip approximately 8½ feet in width. In Henderson v. La Capra, supra, the concrete driveway in issue there was only seven feet in width. Plaintiffs' expert witness said the driveway on lot 22 was only nine feet in width, or only six inches wider than the available space on the other side of the house. Mrs. Pendleton said her automobile is six feet and nine

inches in width, but the make or model is not shown. It is apparent that plaintiffs are not absolutely foreclosed from access to the rear of their lot by some motor vehicles, although they might not be able to take every make of an automobile back there. For an expression that any approach of a motor vehicle to the rear of a residence is only a matter of convenience, see Jack v. Hunt, 200 Or. 263, 264 P.2d 461, 465, 265 P.2d 251. It is true that considerable expense may be involved to provide a new driveway in constructing a new retaining wall or repairing the one that is there. It may be that some form of a fence would be required, and there is no question but that this access would be less convenient than the driveway over lot 22. However, these are not determining factors. Henderson v. La Capra, supra.

In attempting to determine the "presumed intention" of the parties based on what was done at the time of the conveyance of lot 21 to plaintiffs we are handicapped by a lack of evidence as to some of the essential circumstances. However, it is proper to consider, among other things, the size of the lots, the fact that they are in a residential area, the effect of the claimed easement on the availability of lot 22 for its apparent intended use after lot 21 had been conveyed away, the reasonable necessity for the claimed easement for the enjoyment of lot 21 as affected by other possible access to the rear of lot 21, the knowledge on the part of plaintiffs that the driveway was not on the lot described in the deed to them and that there was no mention in their deed to any right in lot 22, and that plaintiffs do not assert that the right to maintain a driveway on lot 22 constituted any part of the consideration of the purchase of lot 21. See Jack v. Hunt, supra.

When we take into consideration all of the above facts and circumstances, and particularly that access to the rear of lot 21 is not entirely impossible over plaintiffs' land, that plaintiffs have the burden of proof by clear and convincing evidence but there is

a lack of evidence as to several essential matters, and the highly desirable tendency of the courts to discourage implied grants of easements for the reasons previously stated, we necessarily conclude that plaintiffs have not met their required burden of proof, and that the trial court correctly dismissed their petition.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.